## MILLETT v. MILLETT.

1. DIVORCE—EXTREME CRUELTY—BURDEN OF PROOF.
   Record in wife's suit for divorce on ground of extreme and re-
   peated cruelty *held,* to have failed to show reasons for dis-
   agreement with findings of trial court that plaintiff had not
   told the entire truth while a witness and 'had not sustained
   her burden of proof by a preponderance of evidence, and that,
   therefore, her bill of complaint should be dismissed with
   prejudice.

2. SAME—APPEAL AND ERROR—LEAVE TO APPEAL—ORDER AS TO AT-
   TORNEY FEES.
   Wife's appeal as of :right from trial court's order allowing fees
   and costs to her then attorneys in suit for divorce is ordered
   dismissed on Supreme Court's own motion without an award of
   costs on appeal to such attorneys, since such 'order was not
   appealable of right and no application for leave has been sub-
   mitted as required under former or current rules of court.

3. SAME—APPEAL AND ERROR—ATTORNEY FEES.
   The Supreme Court has nothing to review or consider anent
   decretal provision ordering defendant husband in wife's suit
   for divorce to pay to clerk of the circuit court, a specified
   sum as attorney fees for attorneys that had represented her
   disbursable to 2 different firms upon an order of the circuit
   judge, where no order of disbursement has as yet been presented
   to or entered by the circuit judge.

4. SAME—APPEAL AND ERROR—COSTS—ATTORNEY FEE.
   Plaintiff wife's petition for an order requiring defendant hus-
   band to pay her counsel an amount estimatedly necessary for
   appellate disbursement costs plus a fee for appellate services

REFERENCES FOR POINTS IN HEADNOTES:
[1] 17 Am Jur, Divorce and Separation § 392.
[2, 3] 17 Am Jur, Divorce and Separation § 635.
[4]. 17 Am Jur, Divorce and Separation §§ 630, 644.

of such counsel is disposed of by denying the appellate counsel fee, where there has been compliance with the order to pay $1,250 for costs in procuring a transcript on appeal and there is affirmance of decree denying her a divorce.

Appeal from Macomb; Deneweth, Jr. (George R.), J. Submitted October 11, 1963. (Calendar Nos. 39, 40, Docket Nos. 50,116, 50,117.) Decided February 3, 1964.

Bill by Vera F. Millett against Harold L. Millett for divorce on grounds of extreme and repeated cruelty. Order entered determining attorney fees of former counsel. Bill dismissed. Plaintiff appeals from interim order and from final decree. Appeals consolidated. Appeal in respect to fees dismissed. Dismissal of bill affirmed.

*Colombo, Colombo, Colombo & Vermeulen (Louis J. Colombo, Jr.,* and *Anthony A. Vermeulen,* of counsel), for plaintiff.

*Sugar & Schwartz (A. Albert Sugar,* of counsel), for defendant.

*Klar, Klein & Rosenberg,* former counsel for plaintiff, appellees.

BLACK, J. This suit for divorce, brought by wife against husband, ended with opinion and decree holding that the wife had failed to sustain the allegations of her bill. She appeals and requests that we examine the record anew for preponderant proof of causes for divorce as alleged. That we have done.

Having determined to affirm, it appears advisable that a limited analysis of the proofs appear in our reports. Questions of credibility only were pre-

sented, and it is not beyond hope that the parties may yet resolve their differences. Our opinion proceeds accordingly.

Judge Deneweth, having previously found that the only real issue was whether defendant had unjustifiably accused plaintiff of improper conduct involving a Mr. X, said that the "evidence is totally conflicting, the only point of agreement being that no accusations were made until on or after June 12, 1961, when the report of detective Leroy Baker [engaged previously by the wife of Mr. X] was made." The Baker report, and Baker's testimony, disclosed if believed that plaintiff and Mr. X met and embraced amorously in a drive-in parking space. The meeting only was admitted by plaintiff and justified by her on ground that she wanted Mr. X's advice respecting purchase of an intended gift for her husband. Judge Deneweth picks up from here and concludes:

"This appears to the court to be very strange, and the excuse offered by the plaintiff that she could not talk to the defendant because of his towering rage and the excuse offered by Mr. X that he just did not feel like denying it, or explaining it, does not ring true. Further the testimony of Mr. Baker has not been satisfactorily explained. Therefore, the court finds as a matter of fact that the plaintiff was not telling the entire truth on the witness stand, and that there was at least some justification for the defendant's actions. Perhaps, the defendant acted imprudently under the circumstances but the court is of the opinion that his actions did not constitute extreme and repeated cruelty within the meaning of the statute. The court further finds as a matter of fact that the plaintiff has not sustained her burden of proof by a preponderance of evidence. It therefore follows that her bill of complaint should be dismissed with prejudice."

No persuasive grounds for disagreement with these findings, and other like findings leading to the same result, have been shown. The decree proper must, therefore, be affirmed.

Additional questions are raised, all having to do with fees and expenses of counsel for plaintiff in both courts.

*First:* May 31, 1962, the trial court entered the following order:

"It is hereby ordered that an attorney fee of $1,500, less $400 already paid, plus $164 costs, be, and the same is hereby awarded to Klar, Klein & Rosenberg, plaintiff's former attorneys.

"It is further ordered that the firm of Klar, Klein & Rosenberg, attorneys at law, shall have a lien upon the proceeds of any property division in this matter as security for the payment of their attorney fee."

From this order plaintiff claimed (August 3, 1962) an appeal as of right. By such appeal she seeks a determination that the fee thus allowed is unreasonably excessive. It is sufficient to say that the quoted order was not appealable of right, and that no application for leave to review same has been submitted according to requirement of former or current rules of court. The appeal is consequently dismissed, on motion of the Court, without an award of costs to the Klar firm, self-styled "appellees." We note in passing that plaintiff's allegation of excessiveness of such fee as allowed is unsupported by testimony of substance.

*Second:* The decree dismissing plaintiff's bill includes the following provision, which provision plaintiff attacks as unfair to her present counsel:

"It is further ordered, adjudged and decreed that the defendant, Harold L. Millett, shall pay to the clerk for the circuit court for the county of Macomb

the sum of $2,350 as attorneys fees for the attorneys that have represented the plaintiff, Vera F. Millett, in this cause, together with the sum of $164 representing costs incurred by the plaintiff, and that the aforementioned total sum of $2,514 be disbursed to Colombo, Colombo, Colombo & Vermeulen and Klar, Klein & Rosenberg upon an order of disbursement to be entered by the Honorable George R. Deneweth, circuit judge."

We find, upon reading the original record, that no "order of disbursement" has as yet been presented to or entered by Judge Deneweth. There is nothing to review or consider here.

*Third:* After both appeals had been filed in this Court, one from the decree and the other as mentioned from the order of May 31, 1962, plaintiff moved for an order requiring defendant to pay her counsel an amount estimatedly necessary for appellate disbursement costs, plus a fee for appellate services of such counsel. February 7, 1963, an order with respect to such motion was entered here as follows:

"In these causes a motion is filed by plaintiff for the allowance of attorney fees and costs, and answers thereto having been filed by defendant and by the firm of Klar, Klein & Rosenberg, and due consideration thereof having been had by the Court, it is ordered that the defendant pay to the plaintiff the sum of $1,250 for her costs in procuring a transcript and for the printing of her brief and appendix on appeal, and it is further ordered that the question of attorneys fees await the final determination of this appeal."

Defendant has duly paid, to plaintiff's counsel, the required sum of $1,250. In view of our determination to affirm, plaintiff's said petition for an appellate counsel fee is denied.

No other question requires discussion. Decree affirmed. No costs on appeal.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, and O'HARA, JJ., concurred with BLACK, J.

SMITH, J., concurred in result.

ADAMS, J., took no part in the decision of this case.