SCHAFFER v SCHAFFER

1. DIVORCE—APPEAL AND ERROR.

   An appellate court when reviewing a divorce case will not substitute its judgment for that of the trial judge absent a showing of abuse of discretion.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.
[2] 24 Am Jur 2d, Divorce and Separation § 573.

2. Divorce—Attorney Fees—Discretion.

Allowance of attorney fees to the wife in a suit for divorce rests in the discretion of the trial court.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 December 13, 1971, at Lansing. (Docket Nos. 10967, 10968.) Decided January 20, 1972.

Complaint by Ica M. Schaffer against Allen W. Schaffer for divorce. Judgment for plaintiff. Plaintiff appeals. City Bank and Trust Company, N.A., intervened as an appellee. Affirmed.

*Dobson, Griffin & Barense,* for plaintiff.

*Roesch, Delhey & Schaberg,* for defendant.

*Domke, Marcoux, Allen & Beaman* (by *John H. Schomer*), for intervenor.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. This is an appeal of right from a divorce judgment granted to the plaintiff wife and the division of property made pursuant thereto. Intervenor appellee, City Bank and Trust Company, did not become a party to this litigation until almost two years after the case was filed. The bank moved to intervene because it was the holder of approximately $391,000 of defaulted notes which ran from the parties and the corporation owned and controlled by the plaintiff wife and defendant husband.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The plaintiff has raised five objections to the opinion and decree of divorce entered below. Each of these objections is grounded on alleged abuses of discretion by the trial court. The first two issues pertain to the division of property. The third and fourth objections pertain to the lack of an alimony and attorney fee award to the plaintiff wife. The fifth objection was to the chancellor's actions in assigning title to plaintiff's stock to the defendant husband and thereafter dismissing plaintiff's claims against the intervenor arising out of the ownership of the stock.

Although this Court hears a divorce case *de novo* on the record, it will not substitute its judgment for that of the trial judge absent a showing of abuse of discretion. *Heckelman* v *Heckelman,* 3 Mich App 159 (1966); *Hildebrandt* v *Hildebrandt,* 223 Mich 352 (1923). Such abuse is not supported by the record in this case.

In *Kurtz* v *Kurtz,* 34 Mich App 34 (1971), this Court had ample opportunity to observe the myriad of problems that can arise in a divorce suit where the parties each owned stock in a close-knit family corporation after a judgment of divorce has been granted to the parties.

Here the chancellor quite properly awarded all of the stock to the husband and compensated the wife by a substantial cash award, payable over a period of years. The record in the instant case discloses expert testimony presented by the plaintiff wife and defendant husband as to the valuation of the stock in question. The court's assessment of value of the corporation was much higher than that of the defendant husband's expert and much lower than that of the plaintiff wife's expert.

In *Young* v *Young*, 354 Mich 254, 257 (1958), Justice VOELKER, writing for the Court in a case similar to the instant one, stated:

"There is no mathematical formula in Michigan for the settlement of this vexing problem; rather it is wisely left to the broad discretion of the learned chancellor who has the benefit—and often dubious pleasure—of having the feuding parties wrangle in his presence. See, generally, *Johnson* v *Johnson*, 346 Mich 418 (1956). With his closer view of the entire situation he is ordinarily in a better position to make an equitable division than we."

The record in this case establishes that the parties were married in 1940 when both parties were 25 years old. At the time of the marriage the plaintiff was a secretary and the defendant husband was in the building construction business. His net worth was from $15,000 to $20,000 at the time of the marriage. The plaintiff worked for approximately three years until the birth of their first child. Her earnings were turned over to the husband to pay notes on the business equipment and her insurance policies were cashed in and the proceeds used to start the business. After the birth of the child, the plaintiff returned to her employment on a part-time basis. She continued to help her husband in the business working as a bookkeeper and on occasion drove a truck. The business prospered and the defendant husband commenced an association with another woman. The plaintiff does not, of course, contest the granting of the divorce but her objections are principally to the division of assets and to the lack of an award of alimony and attorney fees.

We reiterate that in our *de novo* review of this record we agree with the division of the property and agree that the trial court did not abuse its discretion in failing to award alimony to the plaintiff

wife. The property she received was substantial as was that awarded to the defendant. He, however, was required to assume a large indebtedness.

Allowance of attorney fees to the wife in a suit for divorce rests in the discretion of the trial court. *Wood* v *Wood,* 288 Mich 14 (1939). From our *de novo* review, we find no abuse of discretion on the part of the trial court in this regard.

Affirmed. No costs.

All concurred.