CLEMENS v CLEMENS

DIVORCE—PROPERTY DIVISION.

> Property division in a divorce action by which plaintiff wife received 10% more of the spouses' assets than did defendant husband was not an abuse of discretion where the trial court considered the health of both parties, their relative incomes, and granted the plaintiff the larger percentage of assets in order to equalize somewhat the monthly incomes of the parties.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 March 7, 1972, at Grand Rapids. (Docket No. 12124.) Decided March 29, 1972.

Complaint by Anne P. Clemens against Robert J. Clemens for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Grathwohl & Grathwohl,* for plaintiff.

*Charles J. LaSata,* for defendant.

Before: T. M. BURNS, P. J. and FITZGERALD and DANHOF, JJ.

PER CURIAM. Defendant husband appeals from the entry of a judgment of divorce. Defendant contends that the division of property was an abuse of the trial court's discretion.

---

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 626 *et seq.*

Plaintiff and defendant, who were married for 23 years, are both 67 years of age. Out of assets totaling $73,250, plaintiff was awarded approximately 55% and defendant 45%. In making this property division, the trial court took into consideration the health of both parties, their relative incomes, and the income that would be produced through ownership of their commercial property. The division gives to plaintiff approximately $300 per month income as well as a home. Defendant has an income of $453.37 per month from a pension and social security and also earns an additional $100 per month from outside employment. It is, therefore, apparent that the trial court, in granting to plaintiff the larger percentage of assets, did so to equalize somewhat the monthly incomes of the parties.

"Because the facts and circumstances of each case involving a divorce are different, there are no rigid rules governing the division of property. *Cartwright* v *Cartwright,* 341 Mich 68 (1954); *Fansler* v *Fansler,* 344 Mich 569 (1956); *Johnson* v *Johnson,* 346 Mich 418 (1956); *Piersante* v *Piersante,* 359 Mich 173 (1960). The only requisite is that the distribution must be equitable. *DeMay* v *DeMay,* 326 Mich 72 (1949); *Fansler* v *Fansler,* 344 Mich 569 (1956); *Greenough* v *Greenough,* 354 Mich 508 (1958). Further, in a suit for divorce, this Court will not substitute its judgment for that of the trial judge unless it is evident that there is a clear abuse of discretion. *Cooley* v *Cooley,* 320 Mich 209 (1948)." *Ackerman* v *Ackerman,* 5 Mich App 338, 347 (1966).

An examination of the effort made by the trial court discloses no abuse of discretion. We certainly cannot say that we would have decided the question differently had we been sitting on the trial court bench. *Buettner* v *Buettner,* 33 Mich App 448

(1971). We find the trial court's division of property was equitable.

Plaintiff requests this Court to grant her attorney fees both for the action below and for this appeal. The awarding of attorney fees is discretionary. *Ross* v *Ross,* 24 Mich App 19, 27 (1970). Plaintiff has made no showing of how the trial court abused its discretion. A simple request for attorney fees and nothing more is not an adequate brief of the question; and we will not, therefore, discuss it.

Affirmed, costs to plaintiff.