MIXON v MIXON

1. Divorce—Appeal and Error.

The Court of Appeals hears a divorce case *de novo* on the record and will not substitute its judgment for that of the trial judge, absent a showing of abuse of discretion or unless it is clear it would have reached a different result had it occupied the position of trial judge.

2. Marriage—Annulment—Property Settlement.

The legal test to be applied regarding property settlements upon annulment is whether the property award is fair and equitable under all of the circumstances.

3. Marriage—Annulment—Property Division—Marital Estate— Contribution.

A property division in an annulment judgment was inequitable in part where the husband was ordered to reimburse the wife for certain installment payments made by her during the marriage since both parties worked and the wife managed the financial affairs and was able to make the payments because the husband's income relieved her of daily living obligations she otherwise would have had; the trial court's order failed to recognize the importance of the husband's income contributions during the relationship.

4. Marriage—Annulment—Property Settlement—Reimbursement of Payments.

An annulment judgment which ordered the husband to reimburse

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*

[2–5, 8] 4 Am Jur 2d, Annulment of Marriage § 94.

Rights and remedies in respect of property accumulated by man and woman living together in illicit relations or under void marriage, 31 ALR2d 1255.

[6] 24 Am Jur 2d, Divorce and Separation §§ 586–592.

Right of former wife to counsel fees upon application after absolute divorce to increase or decrease alimony, 15 ALR2d 1252.

[6, 7] Right to alimony, counsel fees, or suit money in case of invalid marriage, 110 ALR 1284.

[7] 4 Am Jur 2d, Annulment of Marriage § 97.

the wife for payments she had made on a land contract which had already been foreclosed and on which the redemption period had elapsed at the time of trial was inequitable where the land contract was in the names of both parties and was as much an obligation of one party as the other to prevent foreclosure.

5. MARRIAGE—ANNULMENT—PROPERTY SETTLEMENT—MARITAL ESTATE —CONTRIBUTION—REIMBURSEMENT OF PAYMENT.

An annulment judgment which ordered the husband who did not contribute as much income during the marriage as the wife to reimburse the wife for payments she had made on an automobile which neither party owned at the time of trial was inequitable, where the husband had paid most of the cost of the automobile and the wife had the use, and for a period the exclusive use, of the vehicle throughout the marriage.

6. DIVORCE—SEPARATION—ATTORNEY FEES—STATUTES.

Attorney fees in an action for divorce or separation, by statute, are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation (MCLA 552.13).

7. MARRIAGE—ANNULMENT—ATTORNEY FEES—MARITAL ESTATE—CONTRIBUTION.

An annulment judgment which awarded the wife $2,000 in attorney fees was inequitable where there is nothing in the record indicating the wife required the money, or any part of it, to proceed with her claim, since her annual income was more than the husband's, and she enjoyed the advantages of retaining the balance that remained in her savings account to which she had deposited $2,000 of a workmen's compensation award to the husband.

8. APPEAL AND ERROR—MARRIAGE—ANNULMENT—JUDGMENT— AMENDMENT—PROPERTY DIVISION.

The Court of Appeals, within its *de novo* review powers, can amend a judgment of annulment as to the division of property.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 January 8, 1974, at Lansing. (Docket No. 15791.) Decided March 5, 1974.

Complaint by Joyce M. Mixon against Gene A. Mixon for annulment. Judgment for plaintiff. De-

fendant appeals. Affirmed with property division modified.

*Leopold P. Borrello,* for plaintiff.

*James A. Williams,* for defendant.

Before: QUINN, P. J., and DANHOF and ALLEN, JJ.

ALLEN, J. This is an appeal of right from an annulment judgment granted to plaintiff wife and the division of property and attorney fees made pursuant thereto. Appellant husband does not contest the annulment but contends the property settlement and award of attorney fees are unjust and inequitable.

The parties were married May 28, 1965 and separated five years later, May 23, 1970. At the time of the marriage, defendant was still married to another woman. Income tax returns for the first four years showed plaintiff earned $29,142.21, and defendant $20,798.55. She was a school librarian, obtaining a master's degree in Louisiana during the marriage relationship. He was alternately a factory worker, auto mechanic and self-employed lessee of a gas station. In 1970, they separated and filed individual tax returns showing she earned $10,404.63, and he $8,757.

Plaintiff managed the financial affairs, having a checking account in her name to which she would deposit many of defendant's pay checks. After deposit, she made payments on the house, utilities and car but none on household furniture. Defendant testified that for at least two years she collected all of his pay checks, deposited them in her checking account and paid all of the bills. He agreed to this arrangement and never questioned

it since at the time they were "getting along good". Plaintiff also received and deposited to a savings account in her name $2,000 of his workmen's compensation award of $2,900.

During the marriage, plaintiff purchased furniture including a piano, dining, bedroom and living room suites, television and stove of an approximate value of $4,087.33. This furniture was awarded to the plaintiff, and is not challenged by defendant on appeal. In addition, the trial judge ordered defendant to pay plaintiff $6,444.96 as reimbursement of payments made by plaintiff on a land contract on the house in which the parties lived ($1,850), kitchen remodeling of the house ($3,000), a land contract on rental property ($800), and a 1969 Pontiac Grand Prix ($794.96). Additionally, the court awarded plaintiff $2,000 in attorney fees. It is the propriety of the money award of $6,444.96 and the $2,000 in attorney fees to which defendant takes exception.

The written opinion of the court awarded "all of the real estate, if any still remains" to the husband. The rental property land contract had been foreclosed and the redemption period had expired prior to the court's opinion. The judgment of annulment, filed after the opinion, mentioned only the land contract interest in the home and awarded it to the husband. Foreclosure had commenced on this contract but the redemption period had not yet expired. The contract was dated April 1967 and was for $9,800, of which $4,300 had been paid with a balance remaining unpaid at time of trial of about $5,500. Additionally, the husband was awarded the Pontiac Grand Prix, providing he would pay any outstanding indebtedness due upon it. The record shows that the parties did not own the automobile at the time of trial, defendant

having given it to a friend who paid the remaining $900 due upon it.

 ˙ In effect, the property settlement gave the wife furniture valued at $4,087.33, reimbursement for payments made during the marriage of $6,444.96 and attorney fees of $2,000—a total of $12,532.29. In addition, she kept whatever balance existed in the savings account at the time of separation. The husband received only a land contract for a home with a foreclosure in process and an automobile to which neither party held title.

Plaintiff's complaint was filed November 12, 1970. At that time, MCLA 552.19; MSA 25.99, regarding the "disposition of marital property", did not specifically include such disposition after the granting of an annulment. 1971 PA 75, effective January 1, 1972, clarified the meaning of MCLA 552.19; MSA 25.99, by specifically including the phrase "Upon the annulment of a marriage * * * " the court may make a just and reasonable disposition of the marital estate. Trial of the instant case took place in September, 1972. Clearly, the law regarding property settlements upon annulment is similar to that of divorce. See 3 Nelson, Divorce & Annulment (2d ed), § 31.69, pp 360–361. The Court of Appeals hears a divorce case *de novo* on the record and will not substitute its judgment for that of the trial judge, absent a showing of abuse of discretion, *Kurtz v Kurtz,* 34 Mich App 34, 35; 190 NW2d 689, 690 (1971), or unless it is clear the reviewing court would have reached a different result had it occupied the position of trial judge. *Czuhai v Czuhai,* 30 Mich App 208, 211; 186 NW2d 32, 33 (1971). The legal test to be applied is whether the property award is fair and equitable under all of the circumstances involved. *Crane v Crane,* 17 Mich App 588, 591; 170 NW2d 194, 196 (1969).

Application of these principles leads us to conclude that in part the settlement was inequitable.

Clearly, the financial arrangement of the parties contributed to plaintiff's ability to acquire furniture and make payments on the car and land contract. Had she remained unmarried, she would have needed a car, been compelled to pay utility bills, rent an apartment or purchase a home. The record is unchallenged that for a long period, defendant's earnings clearly relieved plaintiff of obligations she otherwise would have had. The trial court was attempting to place the plaintiff in the same position in which she would have been had she not entered into the pretended marriage. But, in attempting to do this, the court failed to sufficiently recognize the daily living expenses of which the wife was relieved by reason of the husband's contributions during the relationship.

Furthermore, the judgment reimburses plaintiff for contributions to real and personal property which were not assets of the marriage at the time of trial. Eight hundred dollars of the $4,444.96 was awarded for her contributions to the land contract on rental property which had already been foreclosed and the redemption period had elapsed. Plaintiff justified this, claiming that the record discloses payments stopped after the separation and that the plaintiff attempted to compel defendant to preserve this asset. We note, however, that the land contract was in the names of both parties and was as much an obligation of one party as the other to prevent the foreclosure.

Likewise, $794.96 was awarded plaintiff for the Grand Prix automobile which, too, was not an asset of the parties at the time of trial. The original price was $4,312, of which defendant had paid $2,618, and the remaining $900 was paid upon transfer to a third party. Plaintiff had the

use of the car from late 1968, date of purchase, until separation in November 1970, and she had exclusive use of it in Louisiana while she was working on her masters degree.

For the foregoing reasons we conclude the award of $6,444.96 should be reduced by $1,594.96, which sum represents reimbursement to the plaintiff of $800 on the rental property land contract and $794.96 on the automobile.

Plaintiff argues the property settlement is fair and equitable since the court only restored to the wife property which the husband received from her during the pretended marriage, citing as authority *Walker v Walker,* 330 Mich 332; 47 NW2d 633 (1951), and 1 Moore & Moore, Michigan Practice: Marriage, Divorce, Separation (2d ed), pp 126–127. We observe that in the *Walker* case the actual holding gave the wife an undivided half interest in all of the real estate, furniture and equipment instead of awarding her virtually all of the marital assets as in the case before us. We further observe that the decision in *Walker* must be interpreted together with the prevailing rules in divorce and annulment settlements.

By statute, attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation.

"In every action brought, either for a divorce, or for a separation, the court, in its discretion, may require either party * * * to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency; * * * ." MCLA 552.13; MSA 25.93.

We find nothing in the record indicating plaintiff required $2,000, or any part thereof, to proceed with her claim. Her annual income overshadowed defendant's and she enjoyed the advantages of

retaining such balance as remained in the savings account to which she deposited $2,000 of defendant's workmen's compensation award. Plaintiff was in no financial stress as shown by the fact that she was purchasing on a new land contract the identical income property lost upon foreclosure prior to the trial. For these reasons, consideration by this Court of the reasonableness of the fee, the time required for the trial, the length of the record and related matters is not necessary. The judgment is modified to eliminate the award of $2,000 attorney fees.

It is within the *de novo* review powers of this Court to amend a judgment of annulment as to the award of property. Rather than remanding this case to the trial court, we accordingly amend the judgment to deduct $1,594.96 from the $6,444.96, and eliminate the award of $2,000 to plaintiff for attorney fees.

Affirmed as modified. No costs, neither party prevailing in full.

All concurred.