GHERARDINI v FORD MOTOR COMPANY

Docket No. 57118. Decided July 23, 1975.

> Application for leave to appeal from an order of the Court of
> Appeals dismissing a claim of appeal of right (Docket No.
> 21081). Reversed and remanded for hearing appeal of right.

APPEAL AND ERROR—FINAL JUDGMENT—ORDER ON ATTORNEY FEES.

> A post-judgment order setting attorney fees chargeable against a
> workmen's compensation subrogee in a third-party tortfeasor
> action affects the rights of the parties with finality and is,
> therefore, appealable as of right.

*Carl P. Garlow* for appellant City of Dearborn.

*Leonard C. Jaques, P. C.* (by *Robert E. Swickle*), for appellees Gherardini.

MEMORANDUM OPINION: Peter Gherardini was a City of Dearborn fireman who was injured in a fire at a Ford Motor Company plant. The city paid workmen's compensation benefits. Gherardini won a third-party action against the Ford Motor Company, and the city, as subrogee, obtained $90,000 of the verdict as reimbursement for compensation benefits previously paid.

Gherardini's lawyer sought and was allowed to recover a 40% attorney fee against the city. Because the city's lawyer had participated at trial, Gherardini's lawyer was surcharged $1,750 for his services. The city was ordered to pay Gherardini's lawyer $34,250 (40% of $90,000 less $1,750).

The city filed a claim of appeal which the Court of Appeals dismissed because the order setting attorney fees "is a post-judgment order, ancillary

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 195.

to the original judgment, and is appealable only by the filing of an application for leave to appeal, pursuant to GCR 806.2(2)".

The city moves for leave to appeal the dismissal of its appeal. Its application is granted and this Court *sua sponte,* pursuant to GCR 1963, 865.1(7) reverses the Court of Appeals, remands to the Court of Appeals and orders the city's claim reinstated as an appeal as of right.

The fact that the judgment on the jury's verdict was appealable as of right—without regard to whether it was appealed—does not determine the appealability of the post-judgment order establishing the amount of attorney fees. The post-judgment order affected with finality rights of the parties and was, therefore, appealable as of right. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397–398; 256 NW 460 (1934). See *Detroit Trust Co v Blakely,* 359 Mich 621, 628–634; 103 NW2d 413 (1960), where an order allowing attorney fees, entered after the entry of an order disposing of the meritorious question, was held to be appealable as of right on authority of *Equitable Trust.* See, also, *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), where this Court recognized that more than one "final" judgment could be entered in a criminal prosecution and an appeal as of right could be obtained from each final judgment; in that case, the first from a judgment of conviction and sentence to probation, the second from a judgment finding that a condition of probation was violated and sentence to prison.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

M. S. COLEMAN, J., concurred in the result.

SWAINSON, J., took no part in the decision of this case.