LORENZ v LORENZ

DIVORCE—CHILD CUSTODY—VISITATION RIGHTS—BEST INTERESTS OF
   CHILDREN—ABUSE OF DISCRETION.

   The best interests of the children are of paramount importance
   when determining visitation rights in a divorce action; there-
   fore, a trial court committed a palpable abuse of discretion
   where it failed to allow a plaintiff additional time to present
   medical evidence regarding the health of the children and
   where it failed to consider specifically the impact that the
   imposed visitation scheme would have upon the health of the
   children.

Appeal from Ingham, James T. Kallman, J.
Submitted May 13, 1976, at Lansing. (Docket No.
24003.) Decided July 27, 1976.

Complaint by Richard Lorenz against Karen
Lorenz for divorce. Divorce granted. Defendant's
motion for an order modifying the visitation rights
of the parties was granted. Plaintiff appeals. Re-
versed and remanded.

*Frank Landon Young,* for plaintiff.

*Wesley P. Hackett, Jr.,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH
and McGREGOR,* JJ.

PER CURIAM. This is an appeal from an order

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 801 *et seq.*
Complete denial of visitation rights of divorced parents. 88 ALR2d
   148.
* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

modifying the visitation rights of the parties. Plaintiff appeals, and we reverse and remand for further proceedings.

The parties to this action were married in 1966. They subsequently had two children, Richard Gregary Lorenz (Ricky) and Kristine Heather Lorenz (Kristine). The children are now 6 and 4 years old respectively. On March 28, 1974, the parties were divorced. The judgment of divorce awarded the plaintiff custody of Ricky and awarded the defendant custody of Kristine. That judgment also granted each parent reciprocal visitation privileges whereby each parent was to have both children one weekend per month.

Both of the parents have remarried. Plaintiff secured a new job in Scottsbluff, Nebraska, and departed for that city with his son on March 21, 1975.[1] In an attempt to prevent plaintiff's relocation in Nebraska, defendant filed a document in the circuit court consisting of seven motions.[2] The motions were argued on April 11, 1975. Much of the argument presented was rather general and undirected. The testimony of the parties related to the current health of the children and the necessity for plaintiff's departure from Michigan.

Both of the Lorenz children suffer from a disease known as Liu's Syndrome, a gastrointestinal ab-

---

[1] Through some oversight the judgment of divorce did not contain the provision which prohibits the removal of a child's domicile or residence from Michigan without approval of the judge who awarded custody. GCR 1963, 729.4(1).

[2] Motions to: 1) amend the judgment of divorce to contain the requirements of GCR 1963, 729.4(1); 2) temporarily restrain the plaintiff from removing the domicile or residence of the minor son from Michigan; 3) show cause why a permanent injunction should not be entered enjoining plaintiff from changing the minor son's domicile or residence; 4) change custody of the minor son from plaintiff to defendant; 5) increase support payments; 6) increase visitation rights; 7) award defendant costs and attorney fees for prosecuting these motions.

sorption disorder, which causes the body to reject certain foods and medicines. The children are underweight, hyperactive, allergic, and have abnormal disease immunity. Ricky has had psychological problems. During the motion arguments, plaintiff repeatedly tried to delay the proceedings in order to obtain more detailed medical evidence regarding the health and prognosis of the children.[3] The court did not grant any further delay in the proceedings but ruled on the motions with the evidence that was presented, primarily consisting of testimony by the parties. In essence the court believed that the children were being "horsed around by both sides". The court then modified the visitation privileges by granting each parent the custody of both children one month and one week in each year. This visitation scheme was apparently based upon the physical separation which would occur by plaintiff's relocation in Nebraska and by the court's desire to give the children the opportunity to establish a normal sibling relationship.

The parties did not exercise their previous visitation rights with any regularity. Their primary interests appeared to be with the individual children whose custody they retained. To a large extent the court was correct in its characterization of the proceedings. However, in this case it is absolutely critical to determine the impact any visitation scheme will have upon the health and well-being of these two children.

The Child Custody Act of 1970 empowers the court to provide for reasonable visitation, "for the best interests of the child". MCLA 722.27; MSA 25.312(7). When determining visitation rights, as

---

[3] Plaintiff wanted additional time to obtain Dr. Liu's deposition, a psychological evaluation of Ricky, and a current bilateral friend of the court report.

with child custody matters, the best interests of the children involved are of paramount importance. See *In re Earle,* 355 Mich 596; 95 NW2d 833 (1959), *Lewis v Lewis,* 338 Mich 197; 61 NW2d 66 (1953). Keeping the best interests of the Lorenz children in mind, we hold that in the instant case, the lower court committed a palpable abuse of discretion[4] by not allowing the plaintiff the additional time to present medical evidence regarding the health of the children and by not specifically considering the impact that the imposed visitation scheme would have upon the health of these children.

We reverse the lower court decision with respect to the visitation privileges imposed and remand so that both parties may produce additional medical evidence concerning the health of these children. It is further suggested that the parties propose reasonable visitation schemes based upon that medical evidence and the best interests of the children. We retain no further jurisdiction.

---

[4] MCLA 722.28; MSA 25.312(8).