GOVE v GOVE

1. Appeal and Error—Divorce—De Novo Review.

An appeal in a divorce case is heard *de novo* on the record and the Court of Appeals will substitute its judgment for that of the trial court only when it is clear that the Court of Appeals would have reached a different result had it occupied the position of the trial court.

2. Divorce—Attorney Fees—Statutes—Court Rules—Need of Party.

Attorney fees may be awarded in a divorce case within parameters defined by court rule and statute; however, attorney fees are not awarded as a matter of right, but only if necessary to enable a party to carry on or defend the litigation (MCLA 552.13; MSA 25.93, GCR 1963, 726.1).

3. Divorce—Attorney Fees—Assets of Parties.

An award of attorney fees to a plaintiff wife following hearings on petitions to modify a prior judgment of divorce was error where the wife conceded that she possessed more than sufficient assets to carry on the litigation without the award.

4. Divorce—Attorney Fees—Rationale for Awards—Statutes—Court Rules.

A statement by a trial court in a divorce case that it is basing an award of additional attorney fees following hearings on petitions to modify the prior judgment on general equitable principals, without articulating any specific factors, is not a sufficient rationale for the award, especially where the situation is governed by a specific statute and court rule (MCLA 552.13; MSA 25.93, GCR 1963, 726.1).

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error §§ 135, 868.
[2] 24 Am Jur 2d, Divorce and Separation §§ 571, 594.
[3] 24 Am Jur 2d, Divorce and Separation §§ 580, 595.
[4–6] 24 Am Jur 2d, Divorce and Separation §§ 572, 576, 580.
[7] 24 Am Jur 2d, Divorce and Separation § 576.

5. DIVORCE—ATTORNEY FEES.

An award of additional attorney fees to a plaintiff wife in a divorce action, following hearings on petitions to modify the prior judgment based on unwarranted allegations by the defendant husband, is inappropriate where the plaintiff caused an unnecessary child support hearing to be held and committed perjury regarding an issue central to that hearing.

6. DIVORCE—ATTORNEY FEES—POST-JUDGMENT AWARDS—APPEAL AND ERROR—APPEAL AS OF RIGHT.

A post-judgment award of additional attorney fees to the plaintiff wife in a divorce case, made following a subsequent hearing on a motion for increase in child support, affects with finality the rights of the defendant husband, and is appealable as of right.

7. APPEAL AND ERROR—ATTORNEY FEES—DOMESTIC RELATIONS.

It is within the powers of the Court of Appeals to amend an award of attorney fees in a domestic relations case.

Appeal from Oakland, William P. Hampton, J. Submitted June 17, 1976, at Detroit. (Docket No. 26830.) Decided September 28, 1976.

Complaint by Dorothy N. Gove against Gilbert E. Gove for divorce. Judgment for plaintiff. Subsequently, defendant petitioned for a change of child custody, and plaintiff petitioned for an increase in child support. Defendant appeals from that portion of modification of the judgment requiring him to pay a portion of plaintiff's attorney fees with regard to the two hearings on petitions to modify the judgment. Judgment modified to eliminate the award of the additional attorney fees.

*Denison, Devine, Porter & Bartush* (by *Ronald J. Kirkpatrick),* for plaintiff.

*Gilbert E. Gove, in propria persona.*

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

R. M. RYAN, J. This is an appeal as of right by defendant Gilbert E. Gove from an award of $1,250 in attorney fees entered by an Oakland County Circuit Court for plaintiff Dorothy N. Gove, upon completion of two hearings on petitions to modify a prior judgment for divorce.

The parties to this action were divorced in 1966. Custody of the parties' only child was awarded to plaintiff-wife. Defendant-husband initiated a change of custody proceeding with a petition filed in 1974; subsequently, this petition was modified by a petition filed a few months later, wherein defendant demanded definite visitation rights with his child. Plaintiff filed her own petition for an increase in child support payments in 1975. At the initial hearing, defendant was awarded specific visitation rights. At a second hearing, plaintiff's demand for an increase in child support was denied; but plaintiff's demand that defendant be ordered to pay outstanding medical bills was granted.

At the conclusion of the second hearing, defendant was also ordered to pay a portion of plaintiff's attorney fees, even though the trial court had previously determined that the plaintiff had assets well in excess of $200,000. The total amount of attorney fees requested was $5,500; the trial court trimmed this amount to $1,250.

Defendant, an attorney, now appeals *in propria persona* from the trial court's denial of his motion for a rehearing on the award of attorney fees to plaintiff.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

I

Defendant contends that the trial court clearly abused its discretion by awarding attorney fees of $1,250 to plaintiff at the conclusion of the second hearing when the same trial court had already determined that plaintiff possessed sufficient funds to pay her own attorney fees.

We are constrained to agree with the defendant and find that the trial court abused its discretion in the instant case, even though we realize the test for finding an abuse of discretion is strict. Our Court hears an appeal in a divorce case *de novo* on the record and will only substitute its judgment for that of the trial court when it is clear we would have reached a different result had we occupied the position of the trial court. *Irish v Irish,* 59 Mich App 635, 638; 229 NW2d 874 (1975), *Mixon v Mixon,* 51 Mich App 696, 700; 216 NW2d 625 (1974). In this case, we would have reached a different result.

The governing Michigan statute on the awarding of attorney fees in domestic relations cases is MCLA 552.13; MSA 25.93. That statute, in its pertinent part, provides as follows:

"In every action brought, either for a divorce, or for a separation, the court, in its discretion, may require either party to pay alimony for the suitable maintenance of the adverse party, * * * and to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency."

The applicable court rule which defines the parameters for the payment of attorney fees is GCR 1963, 726.1:

".1 Attorney Fees and Expenses.

(1) In an action for divorce, separate maintenance, annulment, or affirmation of marriage, and in subsequent petitions to modify the judgment, either party may request that the court order the other spouse to pay an attorney the sum specified as necessary to enable that party to carry on or defend the suit.

(2) The moving party shall allege facts showing that he or she is unable to bear the expense of the action without this aid. The trial judge may require the disclosure of what attorney fees have been paid.

(3) The court may order, in the judgment or in a separate order, that whatever sum it finds necessary and reasonable be paid to the wife's attorney, either by the husband or out of the assets of the husband over which the court has jurisdiction."

In this Court's previous decisions regarding the award of attorney fees in domestic relations cases, we have consistently adhered to the principle that "attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation". *Mixon v Mixon, supra,* at 702.

We find nothing in the instant record indicating plaintiff required $1,250, or any part thereof, to proceed with her claim. In fact, the plaintiff conceded she possessed assets in excess of $200,000, including significant cash reserves. The plaintiff did not need the award in question to "carry on or defend the action".

In *Mixon, supra,* this Court eliminated an attorney fee award in the amount of $2000 after an examination of the record failed to disclose anything which would demonstrate that plaintiff required the $2000 attorney fee award to proceed with her claim. Similarly, in *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972), and *Pinney v Pinney,* 47 Mich App 290; 209 NW2d 467

(1973), this Court affirmed the trial courts' refusal to award attorney fees to other plaintiffs.

The trial court stated on the record that it was basing its attorney fees award on general equitable principles—without articulating any specific factors. In *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973), however, we rejected this rationale for an award of attorney fees, especially when there is a specific statute and/or court rule which governs the situation (as there clearly is in the instant case).

The trial court, in its remarks on the attorney fees award, did make an oblique reference to defendant's modification of his original petition for a change in child custody. Perhaps the trial court believed that this remark would justify the award under GCR 1963, 111.6, which allows an award of costs, including reasonable attorney fees, when it appears that the pleadings contain unwarranted allegations and denials. However, the trial court flatly denied this intention and stated it was "not penalizing" defendant for the custody petition.

More importantly, the trial court did find that plaintiff, by misstating her wealth, had "perjure(d) herself", and had caused an unnecessary hearing on her petition to increase the defendant's child support payments. It is this Court's opinion that it would be highly inappropriate to award attorney fees based on unwarranted allegations by defendant in a case where the plaintiff caused an unnecessary child support hearing to be held, and committed perjury on the stand regarding an issue central to that hearing.

Therefore, we find that plaintiff was not in financial stress and the trial court's award was clearly erroneous. For this reason, consideration by this Court of the reasonableness of the fee, the

time required for trial, the length of the record
and related matters is unnecessary. See *Ross v
Ross,* 24 Mich App 19, 27; 179 NW2d 703 (1970).

II

Plaintiff asserts that the instant case is not
properly before this tribunal because leave to ap-
peal was not granted and that there exists no
appeal as of right from an award of attorney fees
following hearings on a petition to modify a previ-
ously entered judgment of divorce.

The issue regarding an appeal from an award of
attorney fees was discussed by the Michigan Su-
preme Court in *Millett v Millett,* 372 Mich 259;
125 NW2d 856 (1964). That case held that plaintiff
could not appeal as of right an order by a trial
court which required that attorney fees be paid to
plaintiff's attorneys in a divorce action. The Court
noted that no application for leave to review had
been submitted, and therefore dismissed the ap-
peal.

Subsequently, however, the Supreme Court, in
*Gherardini v Ford Motor Co,* 394 Mich 430; 231
NW2d 643 (1975), held that an appeal from a post-
judgment order awarding attorney fees was an
appeal as of right. The Court reasoned that "[t]he
post-judgment order affected with finality rights of
the parties and was, therefore, appealable as of
right". *Gherardini, supra,* at 431. But *Gherardini*
did not deal with a domestic relations action.

However, its applicability to such actions was
established in *Boyles v Brown,* 396 Mich 97; 237
NW2d 474 (1976), where the Court held that plain-
tiff could appeal as of right from a dismissal of a
motion for additional child support. The *Boyles*
Court specifically stated that "[t]he precedential

authority and reasoning of *Gherardini*", *supra,* applied to that case. *Boyles, supra,* at 98.

The attorney fees award in the instant case, since it affects with finality rights of defendant, is governed by the Supreme Court decision in *Gherardini, supra.* It cannot be said, as plaintiff contends, that because the post-judgment order of the trial court is removed in time from the original judgment of divorce, there is no right of appeal. In *Boyles, supra,* the subsequent proceeding was brought five years after the original judgment. *Boyles, supra,* at 97. Thus plaintiff's contention that defendant's appeal should be dismissed because it is not an appeal as of right is erroneous.

### III

Since it is within the *de novo* review powers of this Court to amend an award of attorney fees in a domestic relations case, we accordingly amend the trial court's judgment to eliminate the $1,250 awarded the plaintiff in attorney fees.

Affirmed as modified.