RADWAY v RADWAY

1. Appeal and Error—Child Custody—Standard of Review—Statutes.

An order of a circuit court in a child custody dispute shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCLA 722.28; MSA 25.312[8]).

2. Parent and Child—Child Custody—Best Interest of Child—Statutes.

A court must consider the best interest of the child in making a determination of custody, and only if there is presented clear and convincing evidence that it is in the best interest of the child will a court change a previous custody order (MCLA 722.27[c]; MSA 25.312[7][c]).

3. Divorce—Remand—Alimony—Child Support.

A case in which the trial court refused to reduce a defendant's alimony and child support payments must be remanded for clarification where the defendant had apparently been unemployed for a period of time and where there is no record of the defendant's present earnings or of his efforts to secure employment, either at the time of a trial court's earlier order or subsequently.

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 826, 831.

[2] 42 Am Jur 2d, Infants §§ 42, 43.

[3] 24 Am Jur 2d, Divorce and Separation § 677.
  Change in financial conditions or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

[4] 24 Am Jur 2d, Divorce and Separation § 573.

[5] 24 Am Jur 2d, Divorce and Separation § 571.
  Attorneys' Fees: necessity and sufficiency of notice and hearing as to allowance of suit money or counsel fees in divorce or other marital action. 10 ALR3d 280.

[6] 24 Am Jur 2d, Divorce and Separation § 7.

4. DIVORCE—SEPARATION—ATTORNEY FEES—JUDGE'S DISCRETION—
   ABILITY TO CONTINUE LITIGATION.

  An award of attorney fees, costs and expenses in an action for
  divorce or separation rests in the sound discretion of the trial
  court; however, attorney fees are not awarded as a matter of
  right but only if necessary to enable a party to carry on or
  defend the litigation (MCLA 552.13; MSA 25.93).

5. DIVORCE—SEPARATE MAINTENANCE—ANNULMENT—AFFIRMATION OF
   MARRIAGE—ATTORNEY FEES—FACTS ALLEGED—COURT RULES.

  A party who moves for an award of attorney fees in an action for
  divorce, separate maintenance, annulment or affirmation of
  marriage shall allege facts showing that she or he is unable to
  bear the expense of the action without that aid (GCR 1963,
  726.1).

6. EQUITY—ATTORNEY FEES—EQUITABLE PRINCIPLES—SPECIFIC FAC-
   TORS.

  A trial court's reliance on general equitable principles without
  articulating any specific factors is insufficient to justify an
  award of attorney fees.

Appeal from Livingston, Paul R. Mahinske, J.
Submitted October 5, 1977, at Lansing. (Docket
No. 31170.) Decided February 7, 1978.

Complaint by Brenda C. Radway against Rich-
ard M. Radway for divorce. Divorce granted, with
alimony, child support and custody of the minor
children awarded to plaintiff. Defendant petitioned
to reduce his support payments and to obtain
custody. The petition was denied and the plaintiff
was awarded attorneys fees, costs and expenses.
Defendant appealed. Remanded. On remand the
court reaffirmed. Defendant appeals. Remanded.

*Stiles, Fowler, Dudley & Tuttle,* for plaintiff.

*Farhat, Burns & Story* (by *Norman C. Farhat),*
for defendant.

Before: D. C. RILEY, P. J., and J. H. GILLIS and
R. M. MAHER, JJ.

PER CURIAM. The parties to the dispute were
married in 1963. They have two children. In Octo-
ber, 1969, plaintiff wife filed for divorce. In a
consent judgment of divorce granted in November,
1972, plaintiff wife received custody of the two
children. Additionally, defendant husband was or-
dered to pay support of $75 per week as well as
alimony of $25 per week.

In January, 1975, defendant, who is a certified
public accountant, was fired from or voluntarily
left his father's business after a disagreement with
his father. Defendant had been earning $30,000
annually but could not find a job after leaving the
family business. During this period defendant paid
only $50 per week in child support since his unem-
ployment benefits were only $94 per week.

Defendant petitioned, in January, 1975, to re-
duce his support payments and in August, 1975, he
sought to change the custody of the two children.
In an April 1, 1976, opinion and in an order dated
May 17, 1976, the trial court determined and
ordered that custody should remain in the plain-
tiff. The trial court also found that defendant had
an above average ability to earn sufficient income
to pay the alimony and child support awarded in
the divorce decree.

In a December 2, 1976, opinion the lower court
awarded plaintiff $3,141.46 in attorney fees and
$1,201.81 in costs and expenses.

Defendant's delayed appeal was granted on Feb-
ruary 10, 1977, but further findings were required.
The hearing on remand was held on April 1, 1977.
In an opinion containing the requested findings of
fact, the trial court reaffirmed its previous deci-

sion. Defendant now appeals the December 2, 1976, and the May 17, 1977, orders of the trial court.

The Child Custody Act of 1970, MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.,* provides the general guidelines for appellate review of custody decisions:

"[A]ll orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCLA 722.28; MSA 25.312(8).

See, also, *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975).

It appears that both parents can support the children financially. The rest of the testimony dealt largely with the relationships between the parents and their children and the conception each child had of each parent. In making the determination of custody, the court must use the best interest of the child standard. Only if there is presented clear and convincing evidence that it is in the best interest of the child, will a court change a previous custody order. MCLA 722.27(c); MSA 25.312(7)(c). Examining the evidence in this case, we cannot say that the trial court committed an abuse of discretion in giving plaintiff-wife custody of the children.

We acknowledge that through an agreement of the parties, the children now reside with the defendant husband. We commend the parties for reaching such an accord on their own without the intrusion of the state into what should ideally be a private matter. Nevertheless, the trial court's decision is legally binding. While the parties may

agree to a settlement *inter se,* they cannot usurp the legal function of this Court. In the instant case, however, we find no cause, at the present time, to interfere with the parties' arrangement.

The other two parts of the trial court's judgment to which defendant objects present us with greater difficulty. The trial court refused to reduce alimony and child support payments after defendant lost his job when his income declined from $30,000 per year to $6,000 per year.

The court deemed defendant had "a sufficient and better than average ability to earn income in sufficient amounts to defray the alimony awarded in the judgment of divorce [and] to pay the child support awarded in the judgment". At the time of the original hearing in this case, April 1, 1976, defendant was apparently employed, but had been unemployed in 1975. We have no information concerning the nature of his employment in April, 1976, when the first opinion was written or in May, 1977, after the trial court held the hearing on remand. We are not apprised of defendant's salary nor of his efforts, if any, to secure different employment both in 1975 and afterwards. Both of these factors are of paramount importance in evaluating defendant's obligation to pay past due alimony and child support.

While the trial court's conclusions of law seem correct, we must know the factual bases for those conclusions in order to adequately review the decision from which defendant appeals. Furthermore, any other factors which may have intervened in the period between the trial court's last decision and the present should be taken into account by the trial court. Such factors may shed light on defendant's ability or inability to pay the arrearage. For clarification of these areas, we must remand the cause to the trial court.

The matter of attorney fees poses another difficulty. In the trial court, plaintiff was awarded attorney fees, costs and expenses. As generally stated, the award of such fees and expenses rests in the sound discretion of the trial court. *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972), *Schilleman v Schilleman,* 61 Mich App 446; 232 NW2d 737 (1975).

The trial court, however, is not unfettered in its use of discretion. Attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976), *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974). See, also, MCLA 552.13; MSA 25.93 which provides in pertinent part:

"In every action brought, either for a divorce, or for a separation, the court, in its discretion, may require either party to pay alimony for the suitable maintenance of the adverse party, * * * and to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency."

The applicable court rule also requires that the party who moves for attorney fees shall allege facts showing that she or he is unable to bear the expense of the action without this aid. GCR 1963, 726.1.

In *Mixon v Mixon, supra,* the Court denied attorney fees to a party who "was in no financial stress". 51 Mich App at 703. There the Court properly considered as a factor those assets the moving spouse gained in the property settlement between the parties.

In *Gove v Gove, supra,* the Court found that the party who had been awarded attorney fees did not require them to proceed with her claim. The

award was not essential to the party's ability to carry on or defend the action. 71 Mich App at 435.

In awarding attorney fees, a court should be ever mindful of the guidelines of *Mixon* and *Gove.* Reliance on general equitable principles without articulating any specific factors is insufficient. *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). On remand the trial court must weigh the awarding of attorney fees against the backdrop of *Mixon, Gove,* the court rule and the statute. Only if the moving party required the fees to carry on her action, should the court award them to her.

Remanded for proceedings not inconsistent with this opinion. We retain no jurisdiction.

No costs.