COOPER v COOPER

Docket Nos. 78-3682, 78-4790. Submitted August 27, 1979, at Detroit.
—Decided October 16, 1979.

Gail M. Cooper was granted a default divorce from Larry W. Cooper in 1974. The judgment granted Gail custody of the couple's minor son Larry, gave defendant husband reasonable visitation rights and ordered him to pay support. Soon thereafter, both parents married different parties. Gail, Larry and her new husband moved from state to state, including Virginia, Texas and Idaho, where she finally established residence. During this period the plaintiff, defendant and the court made many changes affecting the life of Larry concerning support, custody and visitation rights until on September 8, 1978, Macomb Circuit Court, Raymond R. Cashen, J., ordered defendant, who had been given temporary custody of Larry by an *ex parte* order and kept the child in spite of a later countermanding order, to deliver Larry to his mother in Idaho. Defendant filed an emergency appeal with motions for immediate consideration and a stay of proceedings. Immediate consideration was granted but the motion for a stay of proceedings was denied. On October 4, 1978, plaintiff filed a motion for attorney fees. The motion was granted by Howard R. Carroll, J., on October 26, 1978. Defendant appealed this order. On December 18, 1978, Judge Carroll issued an order removing defendant's visitation rights completely until further order of the court. On January 3, 1979, the Court of Appeals issued an order consolidating

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 24 Am Jur 2d, Divorce and Separation §§ 779, 791.
    42 Am Jur 2d, Infants §§ 43, 56.
[2, 4] 42 Am Jur 2d, Infants §§ 43-45, 48-56.
    59 Am Jur 2d, Parent and Child §§ 25, 32.
[3] 42 Am Jur 2d, Infants §§ 55-57.
    Opening or modification of divorce decree as to custody or support of child not provided for in the decree. 71 ALR2d 1370.
[4] Mental health of contesting parent as factor in award of child custody. 74 ALR2d 1073.
[5, 8] 24 Am Jur 2d, Divorce and Separation § 573.
[7] 59 Am Jur 2d, Parent and Child § 45.

defendant's appeals. The issues raised on appeal, in addition to a myriad of collateral questions, are whether the trial judge's findings of fact comported with the factors comprising the best interests of the child as set forth in the Child Custody Act and whether these findings of fact were contrary to the great weight of the evidence. *Held:*

1. A review of the record discloses that the trial court, as required by the act, made specific findings on the factors which make up the best interests of the child and that the trial judge did not commit a palpable abuse of discretion which would justify reversal.

2. Defendant's argument that the trial court abused its discretion in refusing to compel plaintiff to submit to a psychiatric examination is unpersuasive. It is within the court's discretionary power to order such an examination. However, the present factual situation does not support a finding of abuse of discretion.

3. The trial court specifically found, in awarding attorney fees to plaintiff, that she was unemployed and had no source of income other than that provided by her new husband. In contrast, the court found that defendant was employed and owned an expensive home. Based on these findings, the Court of Appeals is unable to say it would have reached a different result.

4. Complete denial of visitation rights is a harsh remedy. The trial court gave no reason for this action with the exception that it did not trust defendant. The record reveals that a good deal of love and affection exists between father and son. Therefore, remand is necessary for a new hearing on the issue of defendant's visitation rights.

Affirmed in part, reversed in part, and remanded.

J. H. GILLIS, P.J., concurs on the main issues and the collateral questions except with respect to the matter of attorney fees. On this issue he dissents and would hold that the party who moves for attorney fees should allege facts showing that he or she is unable to bear the expense of the action without this aid. The test is not whether one is unemployed and the other owns an expensive home. The question is whether the moving party is unable to pay, not whether the nonmoving party is able to pay. He would remand to the trial court for a hearing to weigh the matter in light of case precedent, statute and court rule.

Opinion of the Court

1. Appeal and Error — Child Custody — Standard of Review — Statutes.

An order of a circuit court in a child custody dispute shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. Parent and Child — Child Custody — Best Interest of Child — Statutes.

The best interests of the child shall control where there is a custody dispute between parents (MCL 722.25; MSA 25.312[5]).

3. Parent and Child — Custody — Established Custody — Best Interest of Child — Statutes.

A court shall not change the established custody of a child unless clear and convincing evidence is presented that the change is in the best interests of the child (MCL 722.27[c]; MSA 25.312[7][c]).

4. Parent and Child — Custody — Psychiatric Examinations — Judge's Discretion.

It is within the discretion of a trial court to order a psychiatric examination of a parent in a child custody dispute.

5. Divorce — Attorney Fees — Discretion.

The allowance of attorney fees in a suit for divorce rests in the discretion of the trial court.

6. Appeal and Error — Divorce — Child Custody — De Novo Review — Discretion — Abuse of Discretion.

The test for finding an abuse of discretion in a divorce-child custody action is strict; the Court of Appeals hears an appeal in a divorce case de novo on the record and will only substitute its judgment for that of the trial court where it is clear that the Court of Appeals would have reached a different result had it occupied the position of the trial court.

7. Parent and Child — Child Custody — Visitation Rights — Best Interests of Child — Statutes.

The Child Custody Act governs both child custody disputes and visitation rights; therefore, when determining visitation rights, as with child custody matters, the best interests of the child involved are of paramount importance (MCL 722.24, 722.27, 722.27[a]; MSA 25.312[4], 25.312[7], 25.312[7][a]).

CONCURRENCE IN PART AND DISSENT IN PART BY J. H. GILLIS, P.J.

8. DIVORCE — CHILD CUSTODY — ATTORNEY FEES — DISCRETION —
   RESTRAINT ON DISCRETION — STATUTES.

   *Attorney fees are not awarded in an action for divorce and child
   custody as a matter of right but only if necessary to enable a
   party to carry on or defend the litigation; therefore, while the
   award of such fees rests in the sound discretion of the trial
   court, the trial judge is not free from restraint in the exercise
   of that discretion (MCL 552.13; MSA 25.93).*

9. DIVORCE — CHILD CUSTODY — ATTORNEY FEES — NEED FOR FEES —
   PROOF OF NEED — COURT RULES.

   *The party who moves for attorney fees in a suit for divorce and
   child custody shall allege facts showing that he or she is unable
   to bear the expense of the action without this aid (GCR 1963,
   726.1).*

10. DIVORCE — CHILD CUSTODY — ATTORNEY FEES — ABILITY TO PAY.

   *The question to be answered in a petition for attorney fees in a
   divorce and child custody action is whether the moving party is
   unable to pay, not whether the nonmoving party is able to pay.*

*Ross, Bruff & Henriksen,* for plaintiff.

*Stanley J. Szot,* for defendant.

Before: J. H. GILLIS, P.J., and R. B. BURNS and
N. J. KAUFMAN, JJ.

PER CURIAM. This case started out as a routine
divorce matter. Plaintiff wife was granted a de-
fault divorce as well as custody of the minor child,
Lawrence, hereinafter referred to as Larry. Defen-
dant husband was ordered to pay support and was
granted reasonable visitation. Soon thereafter,
both litigants married different parties. Plaintiff
married a career employee with the United States
Government whose work was transferred to Vir-
ginia. At this time, plaintiff petitioned to change
domicile to Virginia. In turn, defendant moved for
modification of custody, alleging changed circum-
stances. The parties worked this out between
themselves by allowing defendant greater visita-

tion rights. Plaintiff and Larry then moved to Virginia without a court order allowing the move.

There followed a series of job-related moves by plaintiff, her new husband and Larry. The first such move took them from Virginia to Texas. As no one was apprised of plaintiff's address, defendant was able to obtain an order to stay support payments in November, 1975. From Texas, the peripatetic trio moved to Idaho. After establishing residence there, plaintiff requested the Michigan Friend of the Court to forward the accrued support payments. These payments were halted by the November, 1975 order, however.

In October, 1977, an order was issued permitting plaintiff to change her domicile to Idaho, giving defendant Christmas and summer visitations, suspending support for refusal of visitation and providing for payment of support arrearages into escrow. In December, 1977, defendant moved to compel plaintiff to honor this order, contending that plaintiff refused to allow visitation until defendant paid Larry's medical bills. An order to this effect was entered.

During Larry's 1978 summer visit, defendant moved for a change of custody. At this juncture, for reasons not apparent from the court records, defendant was awarded temporary custody by an *ex parte* order. Thereafter, following a custody hearing, the plaintiff was permitted to retain custody and, accordingly, defendant was ordered to produce the child. While the Macomb County custody hearing was pending, however, defendant took Larry with him to Texas where he initiated custody proceedings. Later, he initiated custody proceedings in Idaho as well. We are not called upon to review the decisions of these out-state tribunals, however. Thus, we confine our consider-

ation to the propriety of the Macomb County
Circuit Court's rulings. On September 8, 1978, in
ruling on plaintiff's show cause petition, the Ma-
comb County Circuit Court ordered defendant to
deliver the child to Idaho. On October 6, 1978,
plaintiff moved for attorney fees, alleging that she
had insufficient funds. This motion was granted
and plaintiff was awarded $2,520 in attorney fees
on October 26, 1978.

On December 8, 1978, plaintiff moved to modify
the judgment of divorce, alleging that the defen-
dant had attempted to contravene the court's Sep-
tember 8, 1978, order and flee with the child. This
modification motion requested an absolute denial
of defendant's visitation rights. The trial court
granted plaintiff's motion and revoked defendant's
visitation rights. From these adverse determina-
tions, defendant appeals by leave granted.

The principal issues defendant raises in this
appeal are whether the trial judge's findings of
fact comported with the factors comprising the
"best interests of the child" as set forth in the
Child Custody Act, MCL 722.23; MSA 25.312(3),
and whether these findings of fact were contrary
to the great weight of the evidence.

The guidelines for appellate review of custody
decisions are set forth in the Child Custody Act,
1970 PA 91; MCL 722.21 *et seq.;* MSA 25.312(1) *et
seq.* As indicated in MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute
by prompt and final adjudication, all orders and judg-
ments of the circuit court shall be affirmed on appeal
unless the trial judge made findings of fact against the
great weight of evidence or committed a palpable abuse
of discretion or a clear legal error on a major issue."

See also *Feldman v Feldman,* 55 Mich App 147;

222 NW2d 2 (1974), *Radway v Radway,* 81 Mich App 328; 265 NW2d 202 (1978).

When a custody dispute is between parents, the best interests of the child shall control. MCL 722.25; MSA 25.312(4). The act also provides that the court shall not change the established custody of the child unless clear and convincing evidence is presented that the change is in the best interests of the child. MCL 722.27(c); MSA 25.312(7)(c), *Parrott v Parrott,* 53 Mich App 635; 220 NW2d 176 (1974).

After a review of the record, we find that the trial court, as required by the act, made specific findings on the factors which make up the best interests of the child, MCL 722.23; MSA 25.312(3). Moreover, this review convinces us that the trial court did not commit a palpable abuse of discretion which would justify reversal.

The defendant raises a myriad of collateral questions with respect to the trial court's conduct during the custody hearing. He charges the court abused its discretion and engaged in judicial misconduct by erroneously reviewing letters and reports of prospective witnesses before the hearing, conferring with plaintiff's attorney before the hearing, and providing him with psychiatric reports concerning the child, conducting an *in camera* hearing with one of defendant's witnesses after she had given her testimony, and considering plaintiff's affidavits which consisted of reports prepared by the child's out-of-state teachers, neighbors and physicians.

We have reviewed the court's actions and found no palpable abuse of discretion. First, the letters and reports allegedly improperly reviewed by the trial court were favorable to the defendant. Moreover, the court's on-record statements emphasized

that it was impartial and that it was unaffected despite this allegedly improper review. Secondly, defendant has not made a showing that the court and plaintiff's attorney conferred for the purpose of discussing the merits of the case before the hearing. An equally plausible inference, in the absence of such a showing, is that this conference consisted of nothing more than an innocent conversation concerning whether or not the trial would proceed as scheduled.

Thirdly, no inferences of prejudice can be drawn from the fact that the court met with one of defendant's witnesses, the Friend of the Court representative, in chambers *after* she testified. If anything, this incident further demonstrates the court's concern for the welfare of the child. Fourthly, the affidavits the defendant complains of were never formally received into evidence at the hearing, nor did the court make a reference to them in its findings of fact. Thus, it cannot be said that the trial court improperly relied upon these reports.

Next, defendant argues the trial court abused its discretion in refusing to compel plaintiff to submit to a psychiatric examination. We acknowledge it is within the court's discretionary power to order such an examination. See *Siwik v Siwik,* 89 Mich App 603, 609; 280 NW2d 610 (1979). However, we find no abuse in the instant factual situation.

The defendant contends the court abused its discretion in awarding attorney fees to plaintiff in that the record is devoid of any proof that the award was essential to enable the plaintiff to defend or carry on the litigation. As generally stated, the award of such fees and expenses rests in the sound discretion of the trial court, *Spalding v Spalding,* 355 Mich 382; 94 NW2d 810 (1959),

*Clemens v Clemens,* 39 Mich App 626; 197 NW2d 844 (1972), *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972). The test for finding an abuse of discretion is strict. Our Court hears an appeal in a divorce case *de novo* on the record and will only substitute its judgment for that of the trial court when it is clear we would have reached a different result had we occupied the position of the trial court. *Gove v Gove,* 71 Mich App 431, 434; 248 NW2d 573 (1976). The trial court specifically found that plaintiff was unemployed and had no source of income other than that provided by her new husband, who was no longer working for the U.S. Government but was a policeman in Boise, Idaho. In contrast, the court found that defendant was employed and owned an expensive home. Based on these findings, we cannot say that it is clear that we would have reached a different result had we occupied the position of the trial court.

Lastly, defendant decries the trial court's absolute termination of his visitation rights. Since 1971, the Child Custody Act, *supra,* has governed disputes over child visitation. While the act focuses on custody disputes, there can be little doubt that it was intended to control visitation privileges as well. MCL 722.24, 722.27, 722.27a; MSA 25.312(4), 25.312(7), 25.312(7)(a). Therefore, when determining visitation rights, as with child custody matters, the best interests of the child involved are of paramount importance, *Lorenz v Lorenz,* 70 Mich App 356, 358-359; 247 NW2d 569 (1976). Complete denial of visitation is a very harsh remedy, and while we can understand the trial judge's wishes to write *finis* to this litigation, the trial court gave no reason for this action with the exception of stating that he did not trust defen-

dant. Therefore, we do not know whether he was punishing the defendant or Larry or both.

In view of the foregoing, we affirm the trial court's award of custody and attorney fees to plaintiff.

We remand this cause for a new hearing on the issue of defendant's visitation rights, however. The record reveals that a good deal of love and affection exists between father and son. At this hearing, the trial court's factual findings on this issue shall be set forth and detailed on the record.

Affirmed in part; remanded in part. We do not retain jurisdiction. No costs.


J. H. GILLIS, P.J. *(concurring in part, dissenting in part).* I cannot agree with the majority's disposition of the case with respect to the matter of attorney fees.

In the trial court, plaintiff was awarded attorney fees in the amount of $2,520. The award of such fees rests in the sound discretion of the trial court. *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972). The trial court, however, is not unfettered in the exercise of that discretion. Attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976), MCL 552.13; MSA 25.93.

The applicable court rule also requires that the party who moves for attorney fees shall allege facts showing that she or he is unable to bear the expense of the action without this aid. GCR 1963, 726.1, *Radway v Radway,* 81 Mich App 328; 265 NW2d 202 (1978).

In the present case, the trial court appears to have based its decision upon a comparison of

plaintiff's unemployed status to the defendant's employed status and his ownership of an expensive home. This was improper. The question is whether the moving party is unable to pay, not whether the nonmoving party is able to pay.

Furthermore, we note that the trial court failed to consider as a factor those assets which plaintiff gained in the property settlement between the parties. See *Mixon v Mixon,* 51 Mich App 696, 703; 216 NW2d 625 (1974).

For the foregoing reasons, I would remand the cause to the trial court. On remand, I would request the trial court to weigh the award of attorney fees in light of the above-cited cases, the statute and the court rule.