EVANS *v.* ROSS.

1. MARRIAGE—ANNULMENT—STATUTES.

Prior to enactment of statute declaring void any marriage of female under the full age of 16 years except when performed by the probate judge, the marriage of a minor under the age of consent was voidable but the action for annulment could be instituted only by the minor (3 Comp. Laws 1929, §§ 12690, 12724, 12753).

2. STATUTES—CONSTRUCTION—PRESUMPTIONS—DECISIONS OF SUPREME COURT.

In construing various statutes pertaining to the same subject matter, it must be presumed that the legislature, in enacting the later statute, had in mind the decisions of the Supreme Court upon previous acts.

3. MARRIAGE—STATUTES—REPEAL BY IMPLICATION.

The statute making void the marriage of a female under the full age of 16 years repealed by implication previous statute making the marriage of minors under the age of legal consent voidable (3 Comp. Laws 1929, §§ 12704, 12753).

4. SAME—AGE OF LEGAL CONSENT—SUIT TO ANNUL—DETERMINA-
   TION OF AGE.
   In 27-year-old husband's suit to annul a marriage that had been
   performed in 1943, brought against 15-year-old wife, there
   was nothing to annul since the marriage was void, the plain-
   tiff being entitled merely to an adjudication as to the date of
   defendant's birth so that in case defendant were under the
   age of consent an order determining marriage to be void could
   be entered (3 Comp. Laws 1929, § 12704).

5. COSTS—CONSTRUCTION OF STATUTES.
   No costs are allowed in husband's suit to annul a marriage
   where construction of a statute is involved (3 Comp. Laws
   1929, §§ 12704, 12753).

, Appeal from Jackson; Williams (Benjamin), J.
Submitted April 5, 1944. (Docket No. 25, Calendar
No. 42,661.) Decided June 5, 1944.

Bill by Gilbert H. Evans against Betty Jane Ross
to annul a marriage because defendant was under
age. Decree for defendant. Plaintiff appeals. Re-
versed and remanded for further proceedings.

*John J. Gallagher,* for plaintiff.

SHARPE, J. Plaintiff filed a bill of complaint to
have his marriage to defendant declared void. The
facts are not in dispute. A marriage ceremony be-
tween Gilbert H. Evans and Betty Jane Ross was
performed on April 16, 1943, at Jackson, Michigan.
The application for a license stated that Gilbert H.
Evans was 27 years of age and that Betty Jane Ross
was 19 years of age. As a matter of fact Betty Jane
Ross was 15 years of age at the time of the marriage.
The parties separated prior to her 16th birthday
and have not cohabited together since. The bill of
complaint was filed prior to defendant's 16th birth-
day. When the cause came on for trial, and after
the taking of some testimony, the trial judge dis-
missed the bill of complaint by virtue of 3 Comp.

Laws 1929, § 12753 (Stat. Ann. § 25.110), which
reads as follows:

"A bill to annul a marriage on the ground that one
of the parties was under the age of legal consent,
may be exhibited by the parent or guardian entitled
to the custody of such minor; or by the next friend
of such minor; but in no case shall such marriage be
annulled on the application of a party who was of
the age of legal consent at the time of the marriage,
nor when it shall appear that the parties, after they
had attained the age of consent, had freely cohabited
as man and wife."

Plaintiff appeals and urges that 3 Comp. Laws
1929, § 12704 (Stat. Ann. § 25.21), repeals by impli-
cation 3 Comp. Laws 1929, § 12753* (Stat. Ann.
§ 25.110), and that under the later statute a man of
full age may bring an action to have a marriage to
a girl under 16 years of age declared void.

Prior to the enactment of Act No. 352, Pub. Acts
1921 (3 Comp. Laws 1929, § 12704 [Stat. Ann.
§ 25.21]), the law as to the age of consent read as
follows:

"Every male who shall have attained the full age
of eighteen years, and every female who shall have
attained the full age of sixteen years, shall be ca-
pable in law of contracting marriage, if otherwise
competent." 3 Comp. Laws 1929, § 12690 (Stat.
Ann. § 25.1).

The effect of a marriage solemnized between
parties under legal age was as follows:

"In case of a marriage solemnized when either
of the parties was under the age of legal consent,
if they shall separate during such nonage, and not
cohabit together afterwards, or in case the consent
of one of the parties was obtained by force or fraud,

---

* 3 Comp. Laws 1929, § 12753, is Rev. Stat. 1846, chap. 84, § 34,
and was last amended by Act No. 150, Pub. Acts 1848.—Reporter.

and there shall have been no subsequent voluntary cohabitation of the parties, the marriage shall be deemed void without any decree of divorce or other legal process." 3 Comp. Laws 1929, § 12724 (Stat. Ann. § 25.82).

The law limiting the rights of the applicant for annulment of marriage was as stated in 3 Comp. Laws 1929, § 12753 (Stat. Ann. § 25.110).

Under the above act the marriage was voidable. The minor was the only person in whose behalf an action could be commenced.

In *May* v. *Meade*, 236 Mich. 109, the validity of a marriage consummated prior to the effective date of Act No. 352, Pub. Acts 1921, was questioned in a workmen's compensation case. The husband and wife cohabited together after the minor attained the age of consent. We there held that by reason of cohabitation of the parties after the minor became of marriageable age the marriage became valid *ab initio* and the husband could not assert its invalidity.

See, also, *People* v. *Slack*, 15 Mich. 193; *People* v. *Pizzura*, 211 Mich. 71 (10 A. L. R. 405).

The following is the pertinent part of Act No. 352, Pub. Acts 1921 (3 Comp. Laws 1929, § 12704 [Stat. Ann. § 25.21]):

"No marriage, common law or ceremonial, in this State shall be contracted where the female is under the full age of 16 years, and any such marriage, if entered into, shall be void."

It must be presumed that the legislature in enacting the above act had in mind the decisions of our court upon the previous acts referred to. The language used strongly indicates that it was the intention of the legislature to make such marriages void, except marriages performed by the judge of probate.

It follows that 3 Comp. Laws 1929, § 12753 (Stat. Ann. § 25.110), being in conflict with 3 Comp. Laws

1929, § 12704 (Stat. Ann. 25.21), the latter repeals the former by implication.

The marriage being void, there was nothing to annul, but plaintiff had a right to an adjudication as to the date of the birth of Betty Jane Ross. If Betty Jane Ross was under the age of consent at the time the marriage ceremony was entered into, then an order should be entered determining said marriage to be void.

The cause is remanded to the trial court for further proceedings in harmony with this opinion. No costs are allowed as the construction of a statute is involved.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with SHARPE, J. WIEST, J., concurred in the result.