MATTER OF A—

In Visa Petition Proceedings

A–18349097

*Decided by Board December 13, 1971*

Under the law of Michigan (section 551.51, Compiled Laws, 1948, and section 551.202 of the Compiled Laws, as amended June 30, 1967), the marriage in that State of a female under the age of consent (16) performed by a probate judge, as in the instant case, is valid where application for a marriage license was made to a probate judge, "under oath, containing a statement that she is with child, . . . or has lived with a man and has been considered as his wife, or for other good reason," and such application was accompanied by the written request of the parent or guardian of such female under marriageable age.

ON BEHALF OF PETITIONER:  Arpo Yemen, Esquire
7527 Lafayette Street
Dearborn Heights, Michigan 48127

The petitioner, a native of Jordan, was admitted to the United States for permanent residence at the port of New York on March 24, 1968. She appeals from an order of the District Director at Detroit, Michigan, dated October 12, 1971, denying her petition for second preference classification of the beneficiary, a native of Jerusalem. Exceptions have been taken to the District Director's finding that the petitioner's marriage to the beneficiary is invalid under the laws of Michigan.

The petitioner married the beneficiary at Detroit, Michigan on August 31, 1971. She attained the age of 15 years on September 12, 1971. Section 551.51, Compiled Laws of Michigan, 1948, provides in substance that the marriage of a female under the age of consent, 16 years, is void; also see section 25.51, Michigan Statutes Annotated. Section 551.51, *supra*, has a proviso which permits a probate judge of any county of the State of Michigan to perform a marriage under the conditions set forth in section 551.202 of the Compiled Laws of Michigan, as amended June 30, 1967, Public Act No. 175, where one or both of the parties are under the age of consent.

Section 551.202 provides in substance that a probate judge of each county in the state has authority:

> . . . to issue, without publicity, a marriage license to any female making application to him, under oath, containing a statement that she is with child, which if born alive before marriage will become a bastard, or has lived with a man and has been considered as his wife, or for other good reason, expressed in such application and deemed to be sufficient by the judge of probate.

Section 551.202 also provides the judge of probate with authority "to marry persons under marriageable age" under the conditions set forth above and the application for such license is accompanied by the written request:

> . . . of the parent or guardian of the one under marriageable age, where only one is under the marriageable age now fixed by the statute, when according to his judgement, such marriage would be a benefit to public morals.

The judge of probate is also authorized "to keep the exact date of the marriage a secret, to protect the good name of [the female applicant] and the reputation of her family."

The case of *Evans* v. *Ross*, 309 Mich. 149, 14 N.W. 2d 815 (1944), concerns a suit by a husband to have his marriage declared void on the ground that his wife was under the age of consent when he married her in 1943. The application for the marriage license falsely stated that the wife was 19 years of age at the time of the application for the license. The parties separated prior to the wife's sixteenth birthday and did not cohabit following the separation. The court said that the language used in section 551.51, *supra*, "strongly indicates that it was the intention of the legislature to make such marriages void, *except marriages performed by the judge of probate.*" (Emphasis supplied.) The marriage under consideration by the court was not performed by a judge of probate.

The Attorney General of Michigan has ruled that a probate judge has discretion whether to issue a marriage license under the provisions of section 551.202, *supra*, but if he does issue the license, it becomes his duty to perform the marriage ceremony, unless one or both of the parties desire to have a ceremony performed by another person competent to perform a ceremonial marriage in the State of Michigan (Opinions of Attorney General of Michigan, No. 3626, March 13, 1962).

The petitioner herein was married by a judge of probate in the County of Wayne, State of Michigan, in the presence of her parents. The certificate of marriage is undated. Under the laws of Michigan the marriage is valid. It is alleged that there was a reli-

825

gious ceremony performed by the pastor of St. Bernadette Roman Catholic Church on September 25, 1971. We conclude that the petitioner can legally confer second preference status upon the beneficiary. An appropriate order will be entered.

**ORDER:** The appeal is hereby sustained and the visa petition filed on behalf of J—O—A— for second preference classification is hereby granted.