TIGNER v TIGNER

Docket No. 78-1800. Submitted April 9, 1979, at Lansing.—Decided June 19, 1979.

Nancy L. Tigner brought an action for divorce against Ronald G. Tigner. A judgment of divorce was entered, Midland Circuit Court, Tyrone Gillespie, J. The defendant appeals, alleging 1) that the trial court lacked jurisdiction because the marriage was void as the plaintiff was only 15 years of age at the time they were married, 2) that the division of the marital property improperly gave the plaintiff the bulk of the marital estate, and 3) that the trial court erred in awarding attorney fees to the plaintiff. *Held:*

1. While the plaintiff was only 15 years of age at the time the parties were married, and, by statute, the ceremonial marriage was void, the parties had a valid common-law marriage when they continued to live together openly as husband and wife after the wife turned 16 years of age. The statute invalidating common-law marriage in Michigan only affects those entered into on or after January 1, 1957. The parties in the instant case had a valid common-law marriage prior to that date. The court had jurisdiction.

2. The plaintiff did receive the bulk of the marital estate. The division of property can be justified by the disparate earning capacities of the parties, the defendant's responsibility in causing the marital breakdown and the needs of the couple's minor children.

3. In dividing the property the trial court properly considered the defendant's pension rights. The rights were vested, and, while the pension was not payable until the defendant's termination from employment or, at his option, upon reaching the

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Marriage §§ 53, 54.

[2] 24 Am Jur 2d, Divorce and Separation § 933.

[3] 24 Am Jur 2d, Divorce and Separation §§ 632, 932.5 (supp).

Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

[4] 24 Am Jur 2d, Divorce and Separation § 573.

age of 60 or 65, the court was not barred from consideration of the cash value of the pension in dividing the marital estate.

4. The division of property indicates that the parties had little cash and few liquid assets. Under these circumstances, the award of attorney fees was not an abuse of discretion.

Affirmed.

1. MARRIAGE — COMMON-LAW MARRIAGE — VALIDITY — STATUTES.

Common-law marriages entered into on or after January 1, 1957, are invalid; however, this statutory provision in no way affects the validity of a common-law marriage entered into before that date (MCL 551.2; MSA 25.2).

2. DIVORCE — DIVISION OF MARITAL ASSETS — FACTORS TO CONSIDER.

A division of property in a contested divorce action whereby one of the parties received the bulk of the marital estate can be justified by factors such as the disparate earning capacities of the parties, the other party's responsibility in causing the marital breakdown and the needs of the couple's minor children.

3. DIVORCE — DIVISION OF MARITAL ASSETS — PENSION — CASH VALUE OF PENSION — VESTED RIGHTS IN PENSION.

A trial court in devising a division of marital property as part of a judgment of divorce is not barred from consideration of the present cash value of a pension of one of the parties where that party's rights in the pension are vested.

4. DIVORCE — ATTORNEY FEES — AWARD OF ATTORNEY FEES — DISCRETION — APPEAL AND ERROR.

Attorney fees are awarded in a divorce action when necessary to enable a party to carry on or defend the litigation; such an award of attorney fees in a divorce action will not be disturbed on appeal except upon a showing of a manifest abuse of discretion.

*Wilson & Beale,* for plaintiff.

*Sinclair & Clulo,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

CYNAR, J. On April 17, 1978, a judgment of divorce was entered in the present action, dissolv-

ing the marriage between the parties. Defendant's subsequent motion to reopen the proofs was denied and defendant now appeals as of right.

Defendant first contends that his marriage to plaintiff was void because plaintiff was only 15 years of age at the time she was married. Therefore, he argues, the court lacked jurisdiction to enter a judgment of divorce.

The record supports defendant to a certain extent. Plaintiff was born on August 21, 1940. On September 15, 1955, the date of her marriage, she was only 15 years of age. MCL 551.51; MSA 25.21 provides in part: "No marriage, common law or ceremonial, in this state shall be contracted where the female is under the full age of sixteen [16] years, and any such marriage, if entered into, shall be void." As applied to the present case, this statute renders the *ceremonial* marriage between the parties absolutely void. See *Evans v Ross,* 309 Mich 149, 152; 14 NW2d 815 (1944).

However, on August 21, 1956, plaintiff turned 16 years old. After this point in time, unlike the situation in *Evans, supra,* the parties continued to live together openly as husband and wife. Therefore, we conclude that, as of August 21, 1956, plaintiff and defendant were parties to a valid common-law marriage. *Ryan v Randall,* 252 Mich 501, 505; 233 NW 394 (1930), *In re Leonard Estate,* 45 Mich App 679, 681; 207 NW2d 166 (1973). See also *Shane v Hackney,* 341 Mich 91, 95; 67 NW2d 256 (1954). Although MCL 551.2; MSA 25.2 invalidated common-law marriages entered into on or after January 1, 1957, this in no way affects the validity of a valid common-law marriage entered into before that date. *In re Leonard Estate, supra,* at 680, fn 1. Therefore, defendant's argument is without merit.

Defendant raises several other issues concerning the division of the marital assets and an award of attorney fees to plaintiff.

As part of this divorce decree, the trial judge awarded plaintiff the house valued at $45,500, $1000 in cash, a 1974 Chevrolet Impala, household furnishings and a garden tractor. Defendant received $918 in cash, a 1973 Jeep, a boat and motor, tools, and pension rights valued at $5400. Furthermore, plaintiff was granted $750 in attorney fees.

We agree with defendant's contention that plaintiff received the bulk of the marital estate. However, this division can be justified by the disparate earning capacities of the parties,[1] *Charlton v Charlton,* 397 Mich 84, 95, fn 5; 243 NW2d 261 (1976), defendant's responsibility in causing the marital breakdown, *Chisnell v Chisnell,* 82 Mich App 699, 707; 267 NW2d 155 (1978), and the needs of the couple's minor children, *Westrate v Westrate,* 50 Mich App 673, 675; 213 NW2d 860 (1973). In light of these circumstances we will not disturb the trial court's property division.

In dividing the property, the trial judge properly considered defendant's pension rights. It is clear that defendant's rights in the pension had vested at the time of the divorce. In fact, the parties stipulated below that the pension had a present cash value of $5400, the value assigned to it by the trial judge. Further, even if defendant terminated his employment immediately, the pension would be worth $200 per month upon reaching 60 years of age or $300 per month at age 65. Although the pension was not payable until defendant's termi-

---

[1] At the time of the divorce, plaintiff was earning approximately $3000 per year as a beauty shop operator. Defendant, on the other hand, was earning $8.25 per hour as a lab technician.

nation from employment or, at his option, upon reaching age 60 or 65, this does not bar consideration of its *present* cash value in dividing the marital estate. See *Miller v Miller,* 83 Mich App 672, 677; 269 NW2d 264 (1978).

Defendant also contends that the trial court erred in awarding plaintiff $750 in attorney fees.

We disagree. An award of attorney fees in a divorce action will not be disturbed on appeal except upon a showing of a manifest abuse of discretion. *Abadi v Abadi,* 78 Mich App 73, 80; 259 NW2d 244 (1977). Such fees are awarded in a divorce action when "necessary to enable a party to carry on or defend the litigation". *Radway v Radway,* 81 Mich App 328, 333; 265 NW2d 202 (1978). In the present case, the property division indicates that the parties had little cash and few liquid assets. Under these circumstances, the award of attorney fees was not an abuse of discretion.

Affirmed. Costs to plaintiff.