KENDALL v KENDALL

Docket No. 49611. Submitted February 11, 1981, at Lansing.—Decided May 6, 1981.

Plaintiff, Janet Kendall, was granted a judgment of divorce from defendant, Jerry Kendall. The judgment of divorce entered by the Iosco Circuit Court, Allen C. Miller, J., provided that defendant was to pay child support of $37.50 per week for each of the two children of the marriage, with such support continuing until each child reached 18 years of age or graduated from high school. The court also ordered defendant to pay alimony of $30 per week for 75 weeks. Defendant was given a lien in the amount of one-half the value of the marital home less the amount of money removed by defendant from a joint savings account to secure the equity in such property granted to the defendant, with the division of that equity to take place upon the children reaching 18 years of age or graduating from high school, the voluntary sale of the home, or the remarriage of plaintiff. Plaintiff appeals, alleging that the property settlement and alimony were insufficient under the facts and circumstances and that the trial court should have taken into consideration the defendant's Federal Railroad Retirement Act pension in apportioning the assets between the parties. *Held:*

1. The trial court properly refused to consider the federal railroad pension as part of the marital assets, since, by federal mandate, such pension benefits or their monetary equivalent

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Pensions and Retirement Funds §§ 8, 9.
Award by state court to wife of community property interest in husband's expected benefits under Railroad Retirement Act of 1974. 59 L Ed 2d 1.
[2] 5 Am Jur 2d, Appeal and Error § 868.
24 Am Jur 2d, Divorce and Separation §§ 925, 926, 933.
[3, 4] 24 Am Jur 2d, Divorce and Separation §§ 636, 933.
Fault as consideration in alimony, spousal support, or property division awards pursuant to no-fault divorce. 86 ALR3d 1116.
State's power to award alimony as affected by wife's fault. 100 L Ed 705.
[4] 24 Am Jur 2d, Divorce and Alimony §§ 632, 633.

may not be considered directly or indirectly in the distribution of property.

2. While a trial court is invested with wide discretion in the adjusting of property rights of parties to a divorce, the Court of Appeals will modify a division of property where, upon a review of the entire record, the Court is convinced that it would have reached a different result had it been the trial court. Since the trial court failed to consider sufficiently the disparity of the parties' income and failed to consider, for the purpose of the property settlement, the defendant's fault, the Court of Appeals directs that the alimony to plaintiff be increased in amount and duration and that plaintiff be awarded the entire equity in the marital home free from any interest of defendant.

Reversed in part and remanded.

1. DIVORCE — DIVISION OF PROPERTY — FEDERAL RAILROAD RETIRE-MENT ACT.

Retirement benefits under the Federal Railroad Retirement Act are not subject to legal process by the states; accordingly, such benefits are not part of the marital estate and cannot be considered directly or indirectly in the distribution of property upon a divorce.

2. DIVORCE — DIVISION OF PROPERTY — APPEAL.

The adjusting of property rights of the parties to a divorce is a question addressed to the trial court's discretion; the test on appeal of the exercise of that discretion is whether the division of the property is fair and equitable under all the circumstances and whether, after a review of the entire record, the appellate court is convinced it would have reached a different result had it occupied the position of the trial court.

3. DIVORCE — DIVISION OF PROPERTY.

Fault in a divorce is a proper consideration relative to the matters of property division and justifies granting a smaller share to the party at fault.

4. DIVORCE — DIVISION OF PROPERTY — ALIMONY — APPEAL.

The Court of Appeals should increase the share of the marital assets granted to a wife upon divorce and increase her support where it finds that the trial court failed to consider the question of the husband's fault and failed to give the proper consideration to the parties' respective earning abilities and obligations.

*Freel & Huck, P.C.,* for plaintiff.

*Timothy K. Weaver,* for defendant.

Before: Cynar, P.J., and J. H. Gillis and Allen, JJ.

Per Curiam. Plaintiff appeals of right from a judgment of divorce entered January 15, 1980, dissolving the marriage of 18 years between the parties. Plaintiff appeals only the division of property and the amount of alimony awarded.

Except for defendant's Federal Railroad Retirement Act pension, no part of which was awarded to plaintiff, the trial court basically divided the property on a 50-50 basis. He ordered support at $37.50 per week for each of the two children born of the marriage until the child became 18 years of age or graduated from high school, whichever comes later. In January, 1980, the children were 16 and 15. He noted that plaintiff was employed part time at wages ($50 per week) below the minimum wage but thought her income would soon improve. Accordingly, he ordered alimony at $30 per week for 75 weeks, in order to give plaintiff a period of adjustment and time to seek better employment. The parties stipulated that the value of the marital home was $34,650 less the value of land at $2,400 on which the house was built and which was donated by plaintiff's parents. Each party had a $15,175 equity in the home, but, since defendant had withdrawn certain sums from a joint savings account, the court reduced defendant's equity to $14,425 and provided that said "net equity of $14,425 shall become a lien upon the property and payable upon the youngest child's becoming 18 years of age or graduating

from high school, whichever is later, or further order".[1] The household furnishings were awarded to the wife, but the 1973 Buick, guns, rings and a snow-blower were awarded to the husband. In the year of the divorce, defendant's gross income would appear to be about $25,000, though the income fluctuated due to lay-off or overtime. If defendant continued working for the railroad, he could retire at age 60 with benefits of $900 a month for himself and $300 a month for his spouse. If he dies after age 60, the spouse receives $900 a month, but, if divorced, the wife receives nothing.

Initially, we must decide whether defendant's retirement benefits may be considered by the trial court as part of the marital assets to be apportioned among the parties. The question is of first impression in Michigan. The Federal Railroad Retirement Act expressly precludes retirement benefits from legal process by the states.[2] That statute was construed in *Hisquierdo v Hisquierdo,* 439 US 572; 99 S Ct 802; 59 L Ed 2d 1 (1979), to preclude awarding the wife any portion of such retirement benefits or their monetary equivalent. Further, state courts which have considered *Hisquierdo* have held that railroad retirement benefits are not part of the marital estate and cannot be considered "directly or indirectly" in the distribution of

---

[1] The judgment as entered does not conform to the trial court's written opinion. The judgment was prepared by defendant's attorney and reads that said equity of $14,425 "shall be paid upon the youngest child becoming 18 years of age or graduating from high school, or upon Plaintiff's voluntary sale of the home or Plaintiff's remarriage whichever event occurs later". Read literally, if plaintiff never remarried, the husband's equity would not be due until plaintiff's death.

[2] "Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated * * *." 45 USC 231m.

property. *In re Marriage of Knudson,* — Mont —; 606 P2d 130 (1980), *Larango v Larango,* 93 Wash 2d 460; 610 P2d 907 (1980), *In re Marriage of Hunt,* 78 Ill App 3d 653; 34 Ill Dec 55; 397 NE2d 511 (1979), *In re Marriage of Milhan,* 27 Cal 3d 765; 166 Cal Rptr 533; 613 P2d 812 (1980), *In re Marriage of Schissel,* 292 NW2d 421 (Iowa, 1980). Thus, we cannot fault the trial court for not awarding the plaintiff any portion of such pension rights. Nor may we even consider the retirement benefits in our disposition of this case.

The trial court is invested with wide discretion in adjusting the property rights of the parties to a divorce. *Abadi v Abadi,* 78 Mich App 73; 259 NW2d 244 (1977). The test to be applied on appeal is whether the division of property is fair and equitable under all the circumstances. *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974). Ordinarily, a division of property made by the trial court is not set aside or modified unless, upon review of the entire record and history of the marriage, an appellate tribunal is convinced it would have reached a different result had it occupied the position of the trial judge. *Czuhai v Czuhai,* 30 Mich App 208, 211; 186 NW2d 32 (1971). After reviewing the transcript and the briefs at length, and totally disregarding retirement rights as part of the marital estate, we find that had we been the trial judge we would have reached a different result.

The trial court did not sufficiently consider the disparity in the parties' income. We are not as confident as the trial judge that plaintiff will be able to obtain employment which will make her self-sufficient without more education or training. Plaintiff's share of marital property is not sufficient to ensure that she will enjoy the same stan-

dard of living she would have enjoyed had she not been divorced. Defendant's expendable income will easily exceed that available to plaintiff and their two children for living expenses. To truly allow plaintiff a chance to acquire job training and "rehabilitate" herself would require that defendant support her and pay for the training. Even then, plaintiff will never have the opportunities which were foreclosed because she spent her early adulthood raising the parties' children and caring for the marital home.

After deducting child support and alimony, defendant's take-home pay for the support of himself only is $273.72 per week based on his earnings for the six months preceding trial. In contrast, plaintiff's household income, including wages, alimony and child support, is $155 per week for support of three persons. Although plaintiff is furnished a house, she must pay the monthly mortgage installments, taxes and utilities. Defendant is fourth in seniority among the 30 conductors employed by the railroad and is not generally subject to lay-off. In *Tigner v Tigner,* 90 Mich App 787; 282 NW2d 481 (1979), the trial court awarded the wife the house valued at $45,500 plus a Chevrolet Impala and household furnishings and awarded the husband a 1973 Jeep, a boat, motor tools, and pension rights valued at $5,400. The property division, though clearly unequal, was affirmed on appeal on grounds that, because the disparity in earnings was approximately $17,000 to $3,000, the wife should receive a larger share of the marital assets. In the instant case, the disparity in earnings is $25,000 to $2,600. The disparity in the instant case is greater than in *Tigner, supra,* and is a persuasive reason for awarding plaintiff more than 50% of the property.

Stating that defendant's work record disproved plaintiff's claim that defendant had an alcohol problem, the trial court found no substantial fault. We agree that alcohol was not a problem but disagree that there was no substantial fault. Plaintiff testified that the breaking point in the marriage was defendant's relationship with other women. Defendant testified that he spent much of his nonwork time in local bars "drinking, dancing and having fun" and that shortly after his wife had undergone a hysterectomy he had been "unfaithful". Fault is a consideration in matters of property division and justifies granting a smaller share to the party at fault. *Chisnell v Chisnell,* 82 Mich App 699, 707; 267 NW2d 155 (1978).

Having carefully reviewed the judgment of divorce and the circumstances of this case and given full consideration to the respective earning abilities and obligations of the parties, this Court determines that plaintiff's share of the marital asserts and provision for her support should be substantially increased. It is our opinion, and we so order, that the judmgent of divorce be modified in two respects. *First,* the current period for payment of alimony shall be extended for one year commencing at the expiration of the 75-week period contained in the judgment of divorce,[3] and during said one year period of extension the amount of alimony shall be $40 per week. Any further continuation of alimony thereafter shall be subject to determination by the trial court on petition. *Second,* defendant's lien of $14,425 on the marital home is cancelled and plaintiff is awarded the entire net equity in said home. She shall continue to make all mortgage payments due thereon.

---

. [3] The 75-week period for payment of alimony expires approximately June 23, 1981. The oldest child attained age 18 on March 9, 1981.

Remanded to the lower court with direction to modify the property settlement in accordance with this opinion. No costs.