GIESEN v GIESEN

Docket No. 73117. Submitted October 3, 1984, at Lansing.—Decided
    January 23, 1985.

Plaintiff, Elizabeth R. Giesen, and defendant, Donald D. Giesen,
    were married in June of 1946 and were divorced in 1971,
    pursuant to an Illinois divorce judgment. Plaintiff did not
    receive an award of alimony as a result of this first divorce
    judgment. The parties remarried in 1975. Plaintiff thereafter
    sought a divorce in the Lenawee Circuit Court. On July 25,
    1983, the trial court, Kenneth B. Glaser, Jr., J., entered a
    judgment of divorce containing certain property settlement
    provisions and an award to plaintiff of $323 a month in ali-
    mony. Defendant appeals as of right and the plaintiff cross-
    appeals by leave granted from the alimony and property settle-
    ment provisions of the judgment. *Held:*

    1. The trial court erred in awarding alimony based on the
    duration of the parties' combined marriages. However, such
    error was harmless. A review of the entire record indicates that
    the award of $323 a month in alimony was neither excessive
    nor inadequate.

    2. The trial court did not err in awarding plaintiff $7,006.88
    as her share of defendant's Texaco pension.

    3. The trial court did not err in awarding plaintiff $1,410

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 1130.
    Effect of remarriage of spouses to each other on permanent alimony
    provisions in final divorce decree. 52 ALR3d 1334.

[2] 24 Am Jur 2d, Divorce and Separation §§ 535, 642, 653.
    Excessiveness or adequacy of amount of money awarded as perma-
    nent alimony following divorce. 28 ALR4th 786.

[3] 4 Am Jur 2d, Appeal and Error § 135.
    5 Am Jur 2d, Appeal and Error § 703.

[4, 6] 24 Am Jur 2d, Divorce and Separation § 905 *et seq.*
    Pension or retirement benefits as subject to award or division by
    court in settlement of property rights between spouses. 94 ALR3d
    176.

[5] 24 Am Jur 2d, Divorce and Separation §§ 870, 881, 893.

[6] 24 Am Jur 2d, Divorce and Separation § 883.

[6, 7] 24 Am Jur 2d, Divorce and Separation § 909.

[8] 24 Am Jur 2d, Divorce and Separation § 870 *et seq.*

from the sale of defendant's property in Illinois on the ground that marital funds earned during the course of the second marriage had been used to complete the purchase of the property.

4. The trial court did not abuse its discretion in determining not to award plaintiff any portion of the defendant's military pension. The trial court concluded that the property settlement was designed to be fair without including distribution of the military pension.

Affirmed.

CYNAR, P.J., dissented and noted his belief that under all of the circumstances the property settlement was not fair without including distribution of the defendant's military pension. He believes that the plaintiff should additionally receive 1/2 of the defendant's military pension at such times as he receives a distribution of the military pension payments.

OPINION OF THE COURT

1. DIVORCE — ALIMONY — REMARRIAGES — FOREIGN JUDGMENTS.

A trial court errs in an action to dissolve the parties' second marriage where the parties had been previously married, divorced and had remarried in awarding alimony based on the duration of both marriages where the issue of alimony was litigated in the prior divorce action in another state (MCL 600.2103, 780.151 *et seq.;* MSA 27A.2103, 25.225[1] *et seq.).*

2. DIVORCE — ALIMONY.

A trial court must consider several factors in computing an award of alimony, including the necessities, circumstances and earning abilities of both parties.

3. DIVORCE — APPEAL — *DE Novo* REVIEW.

The Court of Appeals reviews a divorce case *de novo.*

4. DIVORCE — PROPERTY DIVISION — PENSIONS.

A pension may properly be considered as a marital asset subject to distribution in a divorce action.

5. DIVORCE — PROPERTY DIVISION.

A trial court in a divorce action may properly award a party cash from the sale of property owned by the other party prior to the marriage where marital funds earned during the course of the marriage were used to complete the purchase of the property.

6. DIVORCE — PROPERTY DIVISION — PENSIONS.

A trial court's decision not to award a plaintiff any portion of the defendant's military pension as part of the property settlement

in a divorce action may be found not to constitute an abuse of discretion where the trial court concluded that the property settlement was designed to be fair without distribution of the military pension.

7. DIVORCE — PROPERTY DIVISION — MILITARY PENSIONS.

Military pensions are distributable in Michigan divorce actions under the Uniformed Services Former Spouses' Protection Act (10 USC 1408[c][1]).

DISSENT BY CYNAR, P.J.

8. DIVORCE — PROPERTY DIVISION.

*The end sought in the division of property in a divorce action is a fair and equitable division under all of the circumstances.*

*Harvey A. Koselka,* for plaintiff.

*Henry A. Crudder, III,* for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Defendant appeals as of right and plaintiff cross-appeals by leave granted from the alimony and property settlement provisions of a divorce judgment entered July 25, 1983. We affirm.

The parties were married on June 23, 1946, and divorced for the first time in 1971, pursuant to an Illinois divorce judgment. Defendant subsequently married and divorced another woman. The parties remarried in 1975. Four children were born during the first marriage, all of whom had reached the age of majority when the parties divorced the second time. At the time of trial, plaintiff was 55 years of age and defendant was 57 years of age and both enjoyed good health.

The trial court awarded plaintiff $323 a month in alimony. According to the evidence introduced at trial, defendant had served in the military from

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

1944 until 1953 on active duty and from 1953 until 1978 on reserve duty. He retired as a full colonel, with a pension which was to vest when he reached age 60. Defendant had also been employed by Texaco as a civil engineer since 1957. He retired from Texaco in 1981 when the plant at which he was then employed closed. Upon his retirement, during the second marriage to plaintiff, defendant received a lump sum pension payment of $82,020. He also received severance pay of $646 a month, after deductions, to be continued until he began receiving social security benefits at age 62. At that time, the severance payments were to be reduced to $125 a month. It was anticipated that upon the vesting of his military pension when he reached age 60, defendant would receive $1,418 per month from his military pension.

Plaintiff is a high school graduate. During both marriages she raised the parties' children and performed traditional housekeeping tasks. In addition, she was sporadically employed as a salesperson in department stores and dress shops.

Defendant contends that $323 a month in alimony is excessive as 1/2 his monthly income at the time of the divorce and argues that the trial court, in arriving at that figure, improperly considered the parties' first marriage as well as the second.

Plaintiff did not receive an award of alimony as a result of the first divorce judgment. Plaintiff responds and argues in her cross-appeal that the $323 monthly payment is inadequate.

We agree that the trial court erred when it awarded alimony based on the duration of the parties' combined marriages. We must presume that the Illinois judgment adequately provided for the disposition of marital assets and alimony as

warranted by the evidence introduced and the law applicable in that jurisdiction at the time. Assuming that the issue of alimony was litigated in the Illinois action, the courts of this state are barred from reconsidering that issue in an action to dissolve the second marriage. See generally, MCL 600.2103; MSA 27A.2103, and the Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.;* MSA 25.225(1) *et seq.*

We find, however, that the trial court's error in considering the duration of the combined marriages is harmless. In computing an award of alimony, the trial court must consider several factors, including the necessities, circumstances and earning abilities of both parties. *York v York,* 113 Mich App 306, 309; 317 NW2d 604 (1982). The fact that plaintiff performed "all the traditional jobs of a housewife, while Mr. Giesen went to college and got his engineering degree and then worked up through the Texaco engineering staff" relates to the earning capacity and circumstances of plaintiff's ability to provide for herself. Because we review divorce cases *de novo, Arnholt v Arnholt,* 129 Mich App 810; 343 NW2d 214 (1983), we conclude, upon reviewing the entire record in this case, that the award of $323 a month in alimony was neither excessive nor inadequate.

Both parties also challenge the property settlement provisions of the divorce judgment. Defendant contends that the trial court abused its discretion in awarding plaintiff a portion of the Texaco pension while plaintiff argues that the portion awarded was insufficient. Defendant also contends that the trial court erred in awarding plaintiff cash from the sale of Illinois property which was owned by the defendant prior to the second marriage. Finally, plaintiff contends that the trial court erred in not awarding her a share of the

defendant's military pension as part of the property settlement.

We first hold that the trial court properly considered the defendant's Texaco pension as a marital asset subject to distribution. *Perry v Perry,* 133 Mich App 453, 457; 350 NW2d 275 (1984); *Bolt v Bolt,* 113 Mich App 298; 317 NW2d 601 (1982). We summarily reject defendant's argument on this issue and instead consider the adequacy of the amount awarded. With regard to the Texaco pension, the trial court made the following findings:

"First, as to the Texaco 'pension' or savings plan. It took Mr. Giesen 24 years and 19 days or about 289 months to accumulate the asset. The second marriage lasted 6 years, 2 months, and 17 days or about 75 months. Mrs. Giesen argues the great bulk should be considered accumulated during the second marriage since it vested during the second marriage. That seems unfair to the court. Vesting is no longer the powerful concept it once was in property settlements *(Boyd v Boyd,* 116 Mich App 774; 323 NW2d 553 [1982]). While as his salary grew, the Texaco contribution grew, that is the natural consequence of long continued service with any employer. It takes the first years to get to the last years. No year is really more important than the other. Accordingly, Mrs. Giesen should get half of 75 months or $7,006.88 in property settlement for this item."

We cannot say that the trial court abused its discretion in simply calculating an average monthly accrual and awarding plaintiff 1/2 of the total contibutions made by defendant and Texaco during the second marriage. While the final calculation is less than 1/2 the average monthly accrual, we believe that the shortage may be attributable to the undisputed fact that defendant took $18,000 of the lump sum payment and used it to pay marital debts and purchase a 1978 Cadillac

automobile. Additionally, $14,000 of the lump sum amount was put into a personal stock trading account which, at the time of the trial, had declined in value to $4,000. We find no error in the award of $7,006.88 to plaintiff as her share of the Texaco pension.

Nor do we find an abuse of discretion in the trial court's award of cash from the sale of the Illinois property. Defendant mischaracterizes the distribution, contending that plaintiff was awarded a share in an asset which was owned by the defendant prior to the second marriage. While defendant did own that property at the time of the second marriage, it was encumbered in the amount of $2,821. By the time of the divorce, the encumberance had been satisfied. The trial court merely found that plaintiff was entitled to 1/2 the amount of the encumberance or, $1,410, on the ground that marital funds earned during the course of the second marriage had been used to complete the purchase of the property. We find no error.

The trial court did not award plaintiff any portion of the defendant's military pension. The court found that only three years of military duty were served during the second marriage and that the uncertainties and difficulties of collecting pension installments weighed against awarding plaintiff a portion of those benefits. The court concluded that the property settlement was designed to be fair without including distribution of the military pension. We find no abuse of discretion and note, as an aside, that military pensions are now distributable in Michigan divorce actions under the "Uniformed Services Former Spouses' Protection Act", 10 USC 1408(c)(1); 96 Stat 730. See *McGinn v McGinn,* 126 Mich App 689, 691, fn 1; 337 NW2d 632 (1983).

Affirmed.

CYNAR, P.J. *(dissenting)*. I would affirm except that I am unable to conclude that the property settlement was fair without including distribution of the military pension. We have no dispute on the cited law. Divorce cases are reviewed *de novo, Arnholt v Arnholt,* 129 Mich App 810; 343 NW2d 214 (1983). Military pensions are now distributable in Michigan divorce actions under the "Uniformed Services Former Spouses' Protection Act", 10 USC 1408(c)(1); 96 Stat 730.

The end sought in the division of property is a fair and equitable division under all of the circumstances. *Ripley v Ripley,* 112 Mich App 219, 227; 315 NW2d 576 (1982); *Kendall v Kendall,* 106 Mich App 240, 244; 307 NW2d 457 (1981). In my opinion, the plaintiff should additionally receive 1/2 of the defendant's military pension at such times as he receives a distribution of the military pension payments.