# STATE OF MICHIGAN

# COURT OF APPEALS

KARA LEANN YOUNGBLOOD,

Plaintiff-Appellee,

v

ANDREW JOSEPH YOUNGBLOOD,

Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 335227
Berrien Circuit Court
LC No. 15-003453-DM

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

HOEKSTRA, J (*concurring in part and dissenting in part*).

I respectfully dissent from the majority's conclusion that two-thirds of the Sodus property should be considered marital property. I concur with the majority in all other respects, and thus I would affirm in part, vacate in part, and remand for further proceedings.

The trial court determined that the entire Sodus property constituted separate property belonging to plaintiff. Whether a particular asset qualifies as marital or separate property involves findings of fact, which we review for clear error. *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). In my judgment, the trial court did not clearly err in this case. Plaintiff obtained one-third of the property as an inheritance from her father, and an inheritance typically constitutes separate property. See *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). In exchange for over $36,000, plaintiff received an additional third of the Sodus property from her sister. Plaintiff financed this purchase by obtaining a loan in her own name, and the trial court determined that the loan was plaintiff's sole debt. Debts may be the individual responsibility of only one spouse, *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005), and by taking on an individual debt to purchase property from her sister, plaintiff added to her separate holdings. Finally, plaintiff obtained a third of the property from her brother in exchange for a van. However, this was not an arm's length transaction for fair market value. Rather, in a trade between siblings, a van—that the trial court found to be without value—was given to plaintiff's brother for his interest in the Sodus property. This sort of gift to plaintiff from her brother is not property that came to plaintiff by reason of

-1-

her marriage, see MCL 552.19; rather, it is separate property.[1]  More generally, the Sodus property was titled solely in plaintiff's name.  While titling the property in plaintiff's name is not dispositive on its own, *Cunningham*, 289 Mich App at 202, there was also evidence that, after seeking legal advice, plaintiff deliberately refrained from adding defendant to the property in order to keep the Sodus property separate and that defendant, via email, stated that he had no interest in plaintiff's property.  In other words, the parties treated the Sodus property as separate property.  See *id.* at 209 ("The actions and course of conduct taken by the parties are the clearest indicia of whether property is treated or considered as marital, rather than separate, property.").  On this record, I cannot see that the trial court clearly erred by concluding that plaintiff owned the entire Sodus property as separate property.

/s/ Joel P. Hoekstra

---

[1] Although I see no clear error in the trial court's determination that the Sodus property was separate property, I would conclude that the trial court erred by failing to account for plaintiff's loan payments and the van.  That is, to the extent plaintiff made any payments on her separate loan with marital funds, defendant would be entitled to a half share in the amount paid from marital property.  See *Giesen v Giesen*, 140 Mich App 335, 341; 364 NW2d 327 (1985).  Given plaintiff's testimony suggesting that the van was worth $4,000, like the majority, I also question whether the evidence supports the conclusion that the van was wholly without value.  If the van had any value, defendant would be entitled to half the value of the van insofar as the exchange of the van contributed to plaintiff's acquisition of her brother's share of the Sodus property.  See MCL 552.401.  Nevertheless, given that plaintiff paid her sister $36,000 for a third of the property, plaintiff's brother clearly gifted his third of the property to plaintiff when he deeded the property solely to plaintiff in exchange for, at most, a $4,000 van.