*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE SWITZER,

        Plaintiff-Appellant,

v

CHARLIE CHESTER SWITZER,

        Defendant-Appellee.

UNPUBLISHED
February 11, 2025
9:53 AM

No. 367798
Osceola Circuit Court
LC No. 22-016436-DO

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

O'BRIEN, J. (*concurring in part, dissenting in part*).

Plaintiff, Christine Switzer, argued in the trial court and continues to argue on appeal that she is entitled to a portion of what the majority refers to as "the northern farm parcel" under MCL 552.401. That statute plainly applies because Christine "contributed to the acquisition, improvement, or accumulation of" the northern farm parcel. MCL 552.401. Yet, inexplicably, the trial court failed to address Christine's argument that she was entitled to a share of the northern farm parcel under MCL 552.401. In light of this failure, I would vacate the trial court's award of the northern farm parcel and remand for the trial court to address whether it would be equitable to award Christine a portion of the northern farm parcel under MCL 552.401 given her contributions to that property's improvements. I respectfully dissent from the portion of the majority opinion that concludes differently.

In the trial court, both parties described contributions Christine made to the improvements of the northern farm parcel. While defendant, Charlie Chester Switzer, disputed the extent of Christine's sweat-equity contributions to the northern farm parcel, Charlie described how he used funds to make improvements to the property, and it cannot be seriously disputed that at least some if not all of the funds Charlie used for those improvements were marital property. Christine argued that her contributions to the northern farm parcel transformed it from separate property to marital property and alternatively that, on the basis of the marital funds expended to improve the northern farm parcel, she was entitled to a share of that property under MCL 552.401. That statute provides in relevant part:

The circuit court of this state may include in any decree of divorce or of separate maintenance entered in the circuit court appropriate provisions awarding to a party all or a portion of the property, either real or personal, owned by his or her spouse, as appears to the court to be equitable under all the circumstances of the case, if it appears from the evidence in the case that the party contributed to the acquisition, improvement, or accumulation of the property. [MCL 552.401.]

After the bench trial in this case, the trial court took the matter under advisement, eventually issuing a written opinion. When that opinion addressed the parties' arguments about the northern farm parcel, it focused only on Christine's argument that the northern farm parcel had been transformed from separate property to marital property; the opinion did not address Christine's argument under MCL 552.401. The court's entire legal analysis of the parties' dispute over the northern farm parcel stated:

Based on the testimony presented at the Trial[,] this Court is not convinced that the actions of [Christine] were sufficient to make [the northern farm parcel] marital property. This property shall be considered separate property by this Court and shall be awarded to [Charlie]. Any rights that [Christine] has to farm this property shall be extinguished.

The court's failure to address Christine's argument under MCL 552.401 constitutes a clear legal error. Again, Christine argued that even if the northern farm parcel was separate property, she was entitled to a portion of the property under MCL 552.401. See *Korth v Korth*, 256 Mich App 286, 291-292; 662 NW2d 111 (2003) (explaining that MCL 552.401 is a "statutory exception for invading a spouse's separate assets"). Under the facts of this case, it is clear that MCL 552.401 applies.[1] Charlie paid for substantial improvements to the northern farm parcel, both by hiring a contractor to make repairs to the farmhouse and barn, and by buying the materials necessary to personally perform renovations and make improvements to the farmhouse. Importantly, the money to pay for these improvements came from marital funds. While the funds were kept in Charlie's separate bank and 401(k) accounts, no one ever disputed that the funds in the accounts were marital property. Indeed, the money in the accounts was subject to the trial court's division of property, suggesting that everyone understood the money to be marital property. So, Christine "contributed" to the northern farm parcel's improvements in that marital funds were used to fund the improvements. See *Giesen v Giesen*, 140 Mich App 335, 341; 364 NW2d 327 (1985) (explaining that a spouse may be entitled to a portion of the other spouse's separate property if marital funds were used to improve that property). This clearly implicates MCL 552.401. Yet, the trial court failed to consider MCL 552.401 and decide what an equitable distribution of the northern farm parcel would be "under all the circumstances of the case," particularly in light of Christine's contributions to the northern farm parcel's improvements. The court instead summarily concluded that the northern farm parcel was separate property and ended its analysis. Given the trial court's failure to address MCL 552.401, I would vacate the award of the northern

---

[1] This is not to say that Christine was necessarily entitled to any portion of the northern farm parcel, only that she *may* be so entitled under MCL 552.401, and the trial court needs to address the issue.

farm parcel and remand for the trial court to address Christine's arguments related to MCL 552.401 in the first instance.[2]  I respectfully dissent from the majority opinion to the extent that it reaches a different holding.


/s/ Colleen A. O'Brien

---

[2] I do not necessarily disagree with the majority's reasoning for why it was not inequitable for the trial court to award the northern farm parcel solely to Charlie despite Christine's contributions to that property's improvements.  The problem as I see it is that the trial court failed to address the issue.  That is, this Court is the first court to actually consider whether awarding the northern farm parcel solely to Charlie was equitable in light of Christine's contributions to that property's improvement because the trial court never considered the issue.  This defect in the lower court's ruling can only be remedied by vacating the award of the northern farm parcel and remanding with instructions for the court to address Christine's argument under MCL 552.401.